Kathleen POWERS, etc., et al., Plaintiffs-Appellants Cross-Appellees,

v.

SOUTH CENTRAL UNITED FOOD & COMMERCIAL WORKERS UNIONS AND EMPLOYERS HEALTH & WELFARE TRUST, etc., Defendant-Appellee Cross-Appellant.

No. 82–2319.

United States Court of Appeals, Fifth Circuit.

Oct. 31, 1983.

Rehearing Denied Dec. 1, 1983.

Eliot P. Tucker, Houston, Tex., for plaintiffs-appellants cross-appellees.

Jeffrey P. Clark, Milwaukee, Wis., J.D. Page, Houston, Tex., for defendant-appellee cross-appellant.

Before CLARK, Chief Judge, THORNBERRY and RANDALL, Circuit Judges.

RANDALL, Circuit Judge:

The decisive issue presented by this appeal is the propriety of the defendant's removal of this action to federal court from the Texas state court in which it was brought. Upon its removal, the federal district court denied the plaintiff's motion to remand, and granted the defendant's motion to dismiss. The court's dismissal was premised on its finding that the plaintiff's state law causes of action, which consisted of alleged violations of the Texas Deceptive Trade Practices-Consumer Protection Act,

negligence, and fraud, were preempted by the Employment Retirement Income Security Act of 1974 ("ERISA"). Thus, the district court found that because the state court did not have original jurisdiction over the matter, the federal court did not have derivative jurisdiction under the removal statute. *See, e.g., Lambert Run Coal Co. v. B. & O. R.R. Co.,* 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922). Because we conclude that this action does not arise under federal law, the state court did have jurisdiction over the case and the removal and resulting dismissal were improper; thus, we remand to the district court with directions to remand to the state court in which the action originated.

I. FACTS AND PROCEDURAL BACKGROUND.

The defendant in this case, South Central United Food & Commercial Workers Unions and Employers Health and Welfare Trust (the "Plan"), is a jointly trusteed employee health and welfare benefit plan, maintained in accordance with the Labor Management Relations Act (the "Taft-Hartley Act"), 29 U.S.C. § 141 *et seq.* (1976 & Supp. V 1981), and subject to ERISA's regulatory scheme, 29 U.S.C. § 1001 *et seq.* (1976 & Supp. V 1981). The plaintiff, Kathleen Powers, is a participant in the Plan, and her son is a beneficiary of the Plan. In 1981, Powers sought to have her son hospitalized at the Deer Park General Hospital. Because Powers was unsure whether the Plan would cover expenses incurred at Deer Park, a hospital employee telephoned the Plan. The Plan employee with whom the Deer Park employee spoke represented that the Plan would provide coverage. Powers hospitalized her son at Deer Park, where his expenses aggregated $10,534.60. Upon receiving bills for this amount, the Plan denied coverage and refused to pay. It is undisputed that the Plan does not provide coverage for the expenses at issue, because Deer Park does not fall within the Plan's definition of "hospital."

Powers brought suit in state court, alleging that the Plan's misrepresentation of coverage constituted negligence and fraud,

and violated the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), Tex.Bus. & Com.Code Ann. § 17.41 *et seq.* (Vernon 1982 Supp.). The Plan petitioned for removal to federal court under 28 U.S.C. § 1441 (1976), asserting that Powers' claim was preempted by ERISA and by the Taft-Hartley Act; thus, the action "arose under" federal law. Powers filed a motion to remand the case to state court, alleging that no federal question was presented by her complaint.

The district court concluded that Powers' complaint stated a claim under ERISA, that her state claim was preempted by ERISA, and that, because the claim was one falling within the exclusive jurisdiction of the federal courts and could not have been brought originally in state court, the federal court did not have derivative removal jurisdiction.

The court's finding was based on its determination that the Plan employee who made the misrepresentation concerning coverage was a Plan fiduciary as defined in 29 U.S.C. § 1002:

> [One who] exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets.

Section 1104(a) provides that a plan fiduciary must discharge his or her duties

> solely in the interest of the participants and beneficiaries ... with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims....

Because section 1132(a)(3) authorizes civil actions by plan participants or beneficiaries to enforce any of ERISA's provisions, the district court reasoned, Powers' suit stated a violation of the standard of care provided by section 1104(a); thus her claim stated a federal question. The enforcement provisions of ERISA provide that the state and federal courts shall have concurrent jurisdiction over actions:

> [T]o recover benefits due to him under the terms of his plan, or to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan....

29 U.S.C. § 1132(a)(1)(B). The federal courts have exclusive jurisdiction over all other civil actions. 29 U.S.C. § 1132(e)(1). Powers' claim does not fall within section 1132(a)(1)(B), because it is undisputed that the Plan does not cover the expenses in controversy. Thus, the district court concluded that the case is one within the exclusive jurisdiction of the federal courts under section 1132(e)(1). Our disposition of this appeal precludes our reaching the merits of the case or the district court's determinations thereon.

## II. REMOVAL.

The basic removal statute, 28 U.S.C. § 1441, provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Moreover, section 1446 provides:

> (b) The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the *initial pleading setting forth the claim for relief upon which such action or proceeding is based,* ...

28 U.S.C. § 1446(b) (1976 & Supp. V 1981) (emphasis added). In construing the removal statutes, the Supreme Court has mandated a "strict construction" approach, in recognition of the congressional intent to restrict the jurisdiction of federal courts on removal. *See American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 10, 71 S.Ct. 534, 538, 95 L.Ed. 702 (1951) ("The Congress, in [§ 1441], carried out its purpose to abridge the right of removal"); *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61

S.Ct. 868, 872, 85 L.Ed. 1214 (1941) (referring to precursor to § 1441); *see also La Chemise Lacoste v. Alligator Co.,* 506 F.2d 339, 344 (3d Cir.1974), *cert. denied,* 421 U.S. 937, 95 S.Ct. 1666, 44 L.Ed.2d 94 (1975).

■ The "original jurisdiction" to which section 1441 refers can rest with the federal courts because of diversity of citizenship between the parties, *see* 28 U.S.C. § 1332 (1976), because the claim "arises under" federal law, *see* 28 U.S.C. § 1331 (1976 & Supp. V 1981), or by virtue of some other explicit grant of jurisdiction, *see, e.g.,* 28 U.S.C. § 1337 (discussed *infra*). In the instant case there is no diversity of citizenship; thus, for removal to have been proper under section 1441, our inquiry must focus on whether Powers' complaint stated a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

## III. DISCUSSION.

■ We begin by noting that the "arising under" component of federal subject matter jurisdiction has been exhaustively analyzed by courts and commentators alike.[1] The Supreme Court has recently noted that "when considered in light of § 1441's removal jurisdiction, the phrase 'arising under' masks a welter of issues regarding the interrelation of federal and state authority and the proper management of the federal judicial system." *Franchise Tax Board of California v. Construction Laborers Vacation Trust for Southern California,* —— U.S. ——, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983). While the precise boundaries to which federal jurisdiction extends are not matters upon which all agree,[2] certain principles are firmly established, and none more so than the "well-pleaded complaint" rule. As stated by the Supreme Court in *Taylor v. Anderson,* 234 U.S. 74, 75–76, 34 S.Ct. 724, 724, 58 L.Ed. 1218 (1914), that doctrine provides:

> [W]hether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose.

1. *See, e.g., Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for Southern California,* —— U.S. ——, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *Phillips Petroleum Co. v. Texaco, Inc.,* 415 U.S. 125, 94 S.Ct. 1002, 39 L.Ed.2d 209 (1974); *Pan American Petroleum Corp. v. Superior Court,* 366 U.S. 656, 81 S.Ct. 1303, 6 L.Ed.2d 584 (1961); *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); *Gully v. First National Bank in Meridian,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *Smith v. Kansas City Title & Trust Co.,* 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577 (1921); *Hopkins v. Walker,* 244 U.S. 486, 37 S.Ct. 711, 61 L.Ed. 1270 (1917); *Taylor v. Anderson,* 234 U.S. 74, 34 S.Ct. 724, 58 L.Ed. 1218 (1914); *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908); *Tennessee v. Union & Planters' Bank,* 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511 (1894); *Osborn v. Bank of the United States,* 9 Wheat. 738, 6 L.Ed. 204 (1824); *Trent Realty Associates v. First Federal Savings & Loan Ass'n of Philadelphia,* 657 F.2d 29 (3d Cir.1981); *First National Bank of Aberdeen v. Aberdeen National Bank,* 627 F.2d 843 (8th Cir.1980) (en banc) (and cases cited therein); *La Chemise Lacoste v. Alligator Co.,* 506 F.2d 339 (3d Cir.1974), *cert. denied,* 421 U.S. 937, 95 S.Ct. 1666, 44 L.Ed.2d 94 (1975); *State of Washington v. American League of Professional Baseball Clubs,* 460 F.2d 654 (9th Cir.1972); *T.B. Harms v. Eliscu,* 339 F.2d 823 (2d Cir. 1964); C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure: Jurisdiction* §§ 3562–3567 (1975); P. Bator, P. Mishkin, D. Shapiro & H. Wechsler, *The Federal Courts and the Federal System* 889 (2d ed. 1973); Aycock, *Introduction to Certain Members of the Federal Question Family,* 49 N.C.L.Rev. 1 (1970); Bergman, *Reappraisal of Federal Question Jurisdiction,* 46 Mich.L.Rev. 17 (1946); Chadbourn & Levin, *Original Jurisdiction of Federal Questions,* 90 U.Pa.L.Rev. 639 (1942); Cohen, *The Broken Compass: The Requirement that a Case Arise "Directly" Under Federal Law,* 115 U.Pa.L.Rev. 890 (1967); Forrester, *The Nature of a Federal Question,* 16 Tul.L.Rev. 363 (1942); Fraser, *Some Problems in Federal Question Jurisdiction,* 49 Mich.L.Rev. 73 (1950); Mishkin, *The Federal "Question" in the District Courts,* 53 Colum.L.Rev. 157 (1953).

2. *See generally* C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction* §§ 3562–3567 (1975).

*See also Franchise Tax Board, supra; Pan American Petroleum Corp. v. Superior Court,* 366 U.S. 656, 81 S.Ct. 1303, 6 L.Ed.2d 584 (1961); *Gully v. First National Bank in Meridian,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). The well-pleaded complaint rule dictates that "a defendant may not remove a case to federal court unless the *plaintiff*'s complaint establishes that the case 'arises under' federal law." *Franchise Tax Board,* 103 S.Ct. at 2847 (emphasis in original). It is insufficient for jurisdictional purposes that the plaintiff asserts that federal law deprives the defendant of a possible defense, *see Taylor v. Anderson, supra,* and *Mottley, supra,* or that the defendant's anticipated defense would not serve to defeat the plaintiff's claim, *see Tennessee v. Union & Planters' Bank,* 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511 (1894). Likewise, neither the defendant's answer nor its petition for removal may serve as the basis for federal jurisdiction to the extent that each may assert that the plaintiff's claim "arises under" federal law. *See Franchise Tax Board, supra.*

■ Further, and more pertinent here, an asserted or anticipated defense predicated on federal preemption of state law is, in jurisdictional terms, a defense like any other, and will not serve to invoke federal jurisdiction. *See Franchise Tax Board, supra* (ERISA); *Pan American Petroleum Corp. v. Superior Court, supra* (Natural Gas Act); *Trent Realty Associates v. First Federal Savings & Loan Ass'n of Philadelphia,* 657 F.2d 29 (3d Cir.1981) (Home Owner's Loan Act); *First National Bank of Aberdeen v. Aberdeen National Bank,* 627 F.2d 843 (8th Cir.1980) (en banc) (National Bank Act); *State of Washington v. American League of Professional Baseball Clubs,* 460 F.2d 654 (9th Cir.1972) (antitrust).

*Franchise Tax Board* is particularly applicable to the case at bar. There, a state agency (the "Board") sought to collect cer-

tain delinquent state taxes by levying on money held by a benefit plan for its members. The Board filed suit in state court, asserting its levy authority by virtue of a state statute empowering the Board to enforce the state's tax law, and seeking a declaratory judgment that ERISA did not preempt the Board's power to levy. The plan removed the action to federal court, contending that ERISA preempted the Board's statutory levy power as against an ERISA-regulated plan. The Supreme Court found that the federal courts lacked original subject matter jurisdiction, and remanded the case for remand to the state court.

The Court's analysis of the propriety of removal in *Franchise Tax Board* rested fundamentally on the "powerful doctrine" of the well-pleaded complaint rule as it has developed from *Taylor, Mottley,* and *Gully. See Franchise Tax Board,* 103 S.Ct. at 2846–48. With regard to the Board's first cause of action, to enforce its levy, the Court found that:

[A] straightforward application of the well-pleaded complaint rule precludes original federal court jurisdiction. California law establishes a set of conditions, without reference to federal law, under which a tax levy may be enforced; federal law becomes relevant only by way of a defense to an obligation created entirely by state law, and then only if appellant has made out a valid claim for relief under state law.... The well-pleaded complaint rule was framed to deal with precisely such a situation.... *[A] case may not be removed to federal court on the basis of a federal defense, including the defense of preemption,* even if the defense is anticipated in the plaintiff's complaint, and *even if both parties admit that the defense is the only question truly at issue in the case.*

*Id.* at 2848 (emphasis added).[3]

Similarly, in *Pan American Petroleum Corp. v. Superior Court, supra,* the Court

---

3. With regard to the Board's second cause of action, for declaratory relief under the state declaratory judgment statute, the Court noted

that although ERISA was explicitly invoked by the Board in its complaint, *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 70 S.Ct.

considered the merits of an attack on the jurisdiction of a state court. The defendants asserted, in a contract price dispute, that the Natural Gas Act, 15 U.S.C. § 717 et seq. (1976), superseded by the Emergency Natural Gas Act of 1977, 15 U.S.C. § 717 et seq. (Supp. V 1981), preempted state law on the issue of wholesale natural gas prices. The Supreme Court had, in an earlier decision, confirmed the preemptive power of the Natural Gas Act. See Phillips Petroleum Co. v. Wisconsin, 347 U.S. 672, 74 S.Ct. 794, 98 L.Ed. 1035 (1954). Nonetheless, in Pan American Petroleum both the Delaware and United States Supreme Courts found that the federal courts lacked original jurisdiction, since the Natural Gas Act arose only as a defense to the plaintiff's state law contract claim:

> [Q]uestions of exclusive federal jurisdiction and ouster of jurisdiction of state courts are, under existing jurisdictional legislation, not determined by ultimate substantive issues of federal law. The answers depend on the particular claims a suitor makes in a state court—on how he casts his action. Since "the party who brings a suit is master to decide what law he will rely upon," The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 [33 S.Ct. 410, 411, 57 L.Ed. 716] [1913], the complaints in the Delaware Superior Court determine the nature of the suits before it.

366 U.S. at 662, 81 S.Ct. at 1307. The settled preemptive effect of the Natural Gas Act, the Court found, did not alter the jurisdictional structure at issue:

> "Exclusive jurisdiction" is given the federal courts but it is "exclusive" only for suits that may be brought in the federal courts. Exclusiveness is a consequence of having jurisdiction, not the generator of

jurisdiction because of which state courts are excluded.

Id. at 664, 81 S.Ct. at 1308.

We think that the analysis employed in Franchise Tax Board and Pan American Petroleum, in light of Mottley, Gully, and their progeny, is clearly dispositive in the instant case. Its application is a simple exercise. Powers alleged no federal cause of action, raised no federal issue, and relied on no federal statute. Rather, she seeks relief based on the Texas DTPA, negligence, and fraud. ERISA's preemptive effect or the lack thereof arises solely on the basis of the Plan's pleadings and petition for removal. As an initial proposition, therefore, the "law that creates the cause of action"[4] is state law, and original federal jurisdiction is lacking unless Powers' claim falls victim to an exception to the well-pleaded complaint rule.

An independent and established corollary of the well-pleaded complaint doctrine provides that a plaintiff may not defeat removal by fraudulent means or by "artfully" failing to plead essential federal issues in the complaint. See Franchise Tax Board, 103 S.Ct. at 2853; Avco Corp. v. Aero Lodge No. 735, International Ass'n of Machinists, 376 F.2d 337, 339–40 (6th Cir. 1967), aff'd, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). Fraudulent or "artful" pleading frequently arises in the context of unnecessary joinder of non-diverse parties in an attempt to defeat removal based on diversity jurisdiction. See, e.g., Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921); Wecker v. National Enameling & Stapling Co., 204 U.S. 176, 27 S.Ct. 184, 51 L.Ed. 430 (1907); Covington v. Indemnity Insurance Co. of North America, 251 F.2d 930 (5th Cir.), cert. denied, 357 U.S. 921, 78 S.Ct. 1362, 2 L.Ed.2d 1365 (1958). We note the inapplicability of these cases here.

---

876, 94 L.Ed. 1194 (1950), mandated a finding of lack of federal jurisdiction. The Court held that federal courts do not have original or removal jurisdiction when a federal question is presented in an action under a state declaratory judgment statute. See Franchise Tax Board, supra, 103 S.Ct. at 2851.

4. American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260, 36 S.Ct. 585, 586, 60 L.Ed. 987 (1916).

Not all cases of "artful" pleading involve diversity jurisdiction, however. In *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981), the Supreme Court considered the propriety of the district court's denial of the plaintiff's motion to remand an action removed on the basis of federal question jurisdiction. In *Moitie,* the plaintiff originally brought suit in federal court, alleging violations of the federal antitrust laws. When the suit was dismissed for failure to state a claim, the plaintiff refiled in state court, alleging antitrust violations based on the same transactions and theories set forth in the original complaint, but couched solely in terms of state law. The Supreme Court sanctioned the district court's refusal to remand the case to state court upon its removal to federal court, holding that the plaintiff's "artful pleading" was merely a device employed to avoid explicitly raising "essentially federal law claims." 452 U.S. at 397 n. 2, 101 S.Ct. at 2427 n. 2.[5]

Clearly, *Moitie* presented a problem different from the one at hand. Powers has not evidenced a desire to proceed under federal law; rather, she has consistently and vociferously attempted to avail herself of the state forum and relief to which she asserts entitlement. That her claims may be "essentially federal" is a proposition resting on the assumption that ERISA totally preempts her state law claims. As we have discussed, federal preemption of state law is a *defense* to Powers' claim and, while its assertion may well interject a federal question into this case, not every federal

question presented in a case means that the case "arises under" federal law for purposes of original jurisdiction under section 1331. *See Franchise Tax Board,* 103 S.Ct. at 2847; *Pan American Petroleum,* 366 U.S. at 664, 81 S.Ct. at 1308; *Mottley,* 211 U.S. at 152, 29 S.Ct. at 43. Only when the plaintiff's complaint clearly establishes that the claim is one necessarily arising under federal law will the federal issue suffice to support removal to federal court. *See, e.g., Federated Department Stores, Inc. v. Moitie,* 452 U.S. at 406–08, 101 S.Ct. at 2431–2432, 2433 (Brennan, J., dissenting); *Trent Realty Associates,* 657 F.2d at 35. As the Third Circuit noted in *Trent Realty:*

> In contrast to exclusive federal jurisdiction, preemption by federal statute or regulation may not be an unavoidable issue. Experienced litigators may almost certainly expect that a defendant will assert federal preemption if that doctrine supports its position, but this anticipated defense is indistinguishable for this purpose from the defense that federal law precludes maintenance of the state claim. Because the unavailability of removal in the latter situation is solidly entrenched, ... we can find no basis for removal jurisdiction in the anticipated defense of federal preemption.

*Id.* (citing *Mottley, supra*). That the preemption defense is not merely anticipated but actually articulated by the defendant, as in the instant case, is a distinction without a difference. *See Pan American Petroleum,* 366 U.S. at 662–64, 81 S.Ct. at 1307–1308.[6]

---

5. With regard to the instant action, we note that although it was disclosed during oral argument that Powers has filed a parallel suit in federal court, she has done so to avoid running afoul of the statute of limitations should our decision preclude her proceeding further in state court. That her federal suit evidently alleges violations of ERISA based on the same set of circumstances involved in the instant case does not bring her within *Moitie,* however, because her federal suit is merely a tactical manuever, instituted after her state court filing, to protect herself. This is clearly and substantially different from the situation presented in *Moitie.*

6. We note that the instant case is factually and legally distinguishable from our holding in *In re Carter,* 618 F.2d 1093 (5th Cir.1980), *cert. denied sub nom., Sheet Metal Workers v. Carter,* 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981). In *Carter,* the plaintiff's complaint necessarily presented a federal claim. We noted there that "upon removal the removal court should inspect the complaint carefully to determine whether a federal claim is presented, even if the plaintiff has couched his pleading exclusively in terms of state law." *Id.* at 1101. In the case at hand, there is no standpoint from which Powers' complaint can be viewed as presenting a federal claim. We reiterate that to the extent federal preemption arises as an

The Plan also asserts that removal jurisdiction properly rested with the federal court because Powers' complaint presented a claim preempted by the Taft-Hartley Act, 29 U.S.C. § 141 *et seq.* The district court, relying on our holding in *Woodfork v. Marine Cooks & Stewards Union,* 642 F.2d 966, 975 (5th Cir.1981), that the Taft-Hartley Act does not preempt state regulation of pension law, found that Powers' complaint did not "necessarily present[ ] a federal question under the Taft-Hartley Act." We do not comment on the correctness of this determination, because the lack of removal jurisdiction precludes our doing so. Rather, that the Plan's assertion of Taft-Hartley preemption is subject to the same defects discussed above with regard to the issue of ERISA preemption is dispositive of this argument.

Finally, the Plan asserts that, because both ERISA and Taft-Hartley are acts of Congress regulating interstate commerce, Powers' claim falls within the original jurisdiction of the federal courts by virtue of 28 U.S.C. § 1337(a) (1976 & Supp. V 1981), which provides in pertinent part:

> The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies....

Again, this argument must yield to our analysis with regard to the ERISA preemption issue. A case does not "arise under" federal law for purposes of section 1337(a) where the act of Congress regulating commerce is interjected into the suit as a defense. *See Franchise Tax Board,* 103 S.Ct. at 2845 n. 7; *Trent Realty Associates,* 657 F.2d at 35.

issue, it is a defense to Powers' state law claims and can not serve as the basis for original federal jurisdiction.

**7.** We note that our determination does not preclude an eventual federal forum on the preemption issue. As the Supreme Court stated in *Franchise Tax Board,* "[O]f course, the absence

## IV. CONCLUSION.

In summary, we hold that a defense of federal preemption of state law claims does not suffice to bring a case within the original jurisdiction of the federal courts. The extent to which a federal question is raised by such a defense will not serve to define the action as one "arising under" federal law for purposes of removal.[7]

The decision of the district court is REVERSED and the case REMANDED for proceedings consistent with this opinion.

of original jurisdiction does not mean that there is no federal forum in which a preemption defense may be heard. If the state courts reject a claim of federal preemption, that decision may ultimately be reviewed on appeal from this Court." 103 S.Ct. at 2848 n. 12.