Charles M. REID, et al.

v.

Douglas WALSH.

Charles M. REID, et al.

v.

EQUITIVEST, INC., et al.

Charles M. REID, et al.

v.

EQUITIVEST, INC., et al.

Charles M. REID, et al.

v.

David WALSH.

Civ. A. Nos. 85–355–B, 85–356–B, 85–502–B and 85–503–B.

United States District Court, M.D. Louisiana.

Sept. 20, 1985.

Wendell G. Lindsay, Jr., Lindsay, Marcel & Wells, Phillip W. Preis, Scott H. Crawford, Preis, Crawford, Scheffy, Mauldin & Ryan, Baton Rouge, La., for plaintiffs.

Claude F. Reynaud, Jr., and Rodolfo J. Aguilar, Jr., Breazeale, Sachse & Wilson, Baton Rouge, La., for defendants.

POLOZOLA, District Judge.

This matter is before the Court on the motions of the plaintiffs, Charles M. Reid, Cindy S. Hood, A.E. Hood Enterprises, Samuel Crockard Terry, Jr., Dr. Derris W. Ray, Dr. Steve Chatlain, Dr. R. Vincent Kidd, Dr. J. Nelson Perret, William K. Hood, Clifton N. Ourso, Dr. Kyle L. Caul-

fied, Dr. David E. Gaudin, Glen A. Peck, Charles K. Thibodeaux and David H. Wilcox, to remand Civil Action Numbers 85–502–B and 85–503–B to the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana. Also pending before the Court is the motion of the defendants, Douglas Walsh, David McCollister and Equitivest, Inc., to consolidate Charles M. Reid, et al. v. Douglas Walsh, Civil Action Number 85–355, Charles M. Reid, et. al. v. Equitivest, Inc. and David McCollister, Civil Action Number 85–356, Charles M. Reid, et. al. v. Equitivest, Inc. and David McCollister, Civil Action Number 85–502, and Charles M. Reid, et. al. v. David Walsh, Civil Action Number 85–503. No oral argument is required on these motions.

The plaintiffs filed the present suits which are designated on the Court's docket as 85–502–B and 85–503–B, in state court

on April 11, 1985. Service was made upon the defendants on April 24, 1985. On May 23, 1985, the defendants timely filed [1] petitions for removal which alleged that the action was premised, at least in part, upon 15 U.S.C. §§ 77v [2] and 78aa [3]. Therefore, defendants contend the two cases were properly removed to federal court because each is a civil action founded upon a claim or right arising under the laws of the United States over which this Court would have original jurisdiction. [4] Thereafter, plaintiff filed motions to remand the suits to state court. Both motions to remand are based upon the contention that the suit filed in state court is not founded upon a claim or a right arising under the laws of the United States and, therefore, would not be an action over which this Court would have original jurisdiction. [5]

In each of the present motions to remand the plaintiffs contend that the suit was

1. 28 U.S.C. § 1446(b).

2. 15 U.S.C. § 77v provides in part:

    (a) The district courts of the United States, and the United States courts of any Territory, shall have jurisdiction of offenses and violations under this subchapter and under the rules and regulations promulgated by the Commission in respect thereto, and concurrent with State and Territorial courts, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter. Any such suit may be brought in the district wherein the defendant is found or is an inhabitant or transacts business, or in the district where the offer or sale took place, if the defendant participated therein, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found. Judgments and decrees so rendered shall be subject to review as provided in sections 1254, 1291, and 1292 of Title 28. No case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States. No costs shall be assessed for or against the Commission in any proceeding under this subchapter brought by or against it in the Supreme Court or such other courts.

3. 15 U.S.C. § 78aa provides:

    The district courts of the United States, and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and

actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder. Any criminal proceeding may be brought in the district wherein any act or transaction constituting the violation occurred. Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules and regulations, may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found. Judgments and decrees so rendered shall be subject to review as provided in sections 1254, 1291, and 1292 of Title 28. No costs shall be assessed for or against the Commission in any proceeding under this chapter brought by or against it in the Supreme Court or such other courts.

4. See 28 U.S.C. § 1441(a), designating removable actions, which provides:

    Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

5. The defendants have not contended that diversity of citizenship of the parties could be a basis for subject matter jurisdiction. 28 U.S.C. § 1332.

removed "improvidently and without jurisdiction"[6] because it is not an action over which the district courts have original jurisdiction.[7] Plaintiffs also contend that since the claims presented in the state court petitions are based totally upon state law, and since there is no diversity of citizenship, the federal court does not have jurisdiction herein. The defendants contend, however, that the allegations of the removed petition, in addition to forming the basis of the state law claims, also form the basis for claims based upon federal law. This contention is supported by the fact that on April 11, 1985, the same day that the state court actions at issue were filed, the plaintiffs also filed two suits in the United States District Court for the Middle District of Louisiana.[8] The suits filed in federal court differ from the state court suits in two aspects: (1) it asserts violations of the Securities Act of 1933 § 12(1)[9] and § 12(2);[10] and (2) it omits the state law contract claim. In all other respects the two suits are identical. The general allegations of the federal suit track verbatim those of the state court petition[11] as do the factual descriptions of the alleged violations.[12] The state law claims urged in the state court petitions are also alleged, verbatim, with the exception of the state law contract claim, in the federal suit.[13] The defendants contend the state court suits were properly removed since the same factual allegations used in the state court suits were used in the federal suit to allege violations of the Securities Act of 1933 §§ 12(1) and 12(2). Thus, defendants contend that the state court petitions do allege a claim or right arising under the laws of the United States and are, therefore, removable, although such claims are not specifically referred to in the state court petition.

The rules for determining whether a controversy "arises under" the laws of the United States, thereby creating federal jurisdiction and making the action removable, are well settled. First, one must determine if federal law is an essential element of the plaintiff's cause of action. *Gully v. First National Bank in Meridian*, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936). See also *Keith v. La. Dept. of Education*, 553 F.Supp. 295 (M.D.La.1982). Secondly, the federal question which is the basis for removal "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Id.* 299 U.S. at 113, 57 S.Ct. at 98. Therefore, as a general rule, the plaintiff's state court pleading would control removability. *Paxton v. Weaver*, 553 F.2d 936 (5th Cir.1977). Furthermore, it is clearly established that "the party who brings the suit is master to decide what law he will rely upon." *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913). Since the plaintiff is the master of his claim, his decision not to assert a federal claim, although one is available to him,

6. See 28 U.S.C. § 1447(c) which provides in pertinent part that "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs."

7. See 28 U.S.C. § 1331 which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

8. See Civil Action Numbers 85–355–B and 85–356–B.

9. See Count One of the complaint in Civil Action Numbers 85–355–B and 85–356–B (paragraphs 21–24).

10. See Count Two of the complaint in Civil Action Numbers 85–355–B and 85–356–B (paragraphs 26 and 26).

11. Compare part IV of the Civil Action Numbers 85–355–B and 85–356–B (paragraph 6) with Part III of the removed petitions (paragraph 5).

12. Compare paragraphs 7–20 of Civil Action Numbers 85–355–B and 85–356–B with paragraphs 6–19 of the removed petitions.

13. See Count Three (paragraphs 27–29) alleging Blue Sky Nonregistration, Count Four (paragraphs 30 and 31) alleging Blue Sky Misstatements/Omissions, Count Five (paragraphs 32 and 33) alleging state law negligence, and Count Six (paragraphs 34–35) alleging Breach of Fiduciary Duty and other duties of the federal complaints.

would generally prevent a defendant from removing a suit to federal court on the basis of federal question jurisdiction. In *Pan American Petroleum Corp. v. Superior Court of Delaware*, 366 U.S. 656, 81 S.Ct. 1303, 6 L.Ed.2d 584 (1961), the United States Supreme Court stated it was "equally" immaterial ... that the plaintiff could have elected to proceed on a federal ground. (Citation omitted.) If the plaintiff decides not to invoke a federal right, his claim belongs in state court." *Pan American Petroleum Corp. v. Superior Court of Delaware*, 81 S.Ct. at 1307.[14] According to one commentator,[15] however, doubt has been cast upon this rule by *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981), a case in which the United States Supreme Court endorsed the principle that the plaintiff could not use "artful pleading" to avoid removal jurisdiction.[16] Justice Brennan, who dissented in the *Federated Department Stores* case, criticized this approach and specifically referred to the Fifth Circuit case of *In re Carter*, 618 F.2d 1093 (5th Cir.1980), *cert. denied* 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981), as an example of how "some courts have not strictly observed the restrictions on removal jurisdiction.[17] In the case *In re Carter*, the defendant removed a state court action to federal court. The plaintiff did not move to have the case remanded. Thereafter, the jury returned a verdict for the plaintiff. After the entry of final judgment, the defendant (who had originally had the case removed) moved to have the judgment vacated and the case remanded

to state court for lack of subject matter jurisdiction because no federal question was presented in the complaint. The district court remanded. On appeal the Fifth Circuit found that it was able to review the remand because the order to remand was issued outside of the time frame designated in 28 U.S.C. § 1447(c).[18] The Fifth Circuit further found that there was a federal question presented by the allegations of the state court petition and, therefore, reinstated the judgment. In so doing, the Court stated:

> ... the accepted rule in this circuit is that upon removal the removal court should inspect the complaint carefully to determine whether a federal claim is necessarily presented, even if the plaintiff has couched his pleading exclusively in terms of state law. See *Romick v. Bekins Van & Storage Co.*, 197 F.2d 369 (5th Cir.1952).

> The reviewing court looks to the substance of the complaint, not to the labels used in it. See *Smith v. Local 25, Sheet Metal Workers Int'l Ass'n*, 500 F.2d 741, 748–49 n. 6 (5th Cir.1984).

*In re Carter*, 618 F.2d at 1101. While it may appear that *In re Carter* could be distinguished on the basis of its unique facts, the Fifth Circuit has subsequently reiterated its support of the concept articulated in *In re Carter* concerning the duty of the removal court to scrutinize the complaint to see if a federal claim has been presented. *See*, e.g., *Powers v. So. Central United Ford & Commercial Workers Union and Employers Health & Welfare*

---

**14.** See also *Great Northern Ry. Co. v. Alexander*, 246 U.S. 276, 282, 38 S.Ct. 237, 239, 62 L.Ed. 713 and *Henry v. A.B. Dick Co.*, 224 U.S. 1, 32 S.Ct. 364, 56 L.Ed. 645 (1911).

**15.** C.A. Wright, Law of Federal Courts, West Publishing Co. (1983), § 38 p. 215.

**16.** *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n. 2, 101 S.Ct. 2424, 2427 n. 2, 69 L.Ed.2d 103 (1981). In this case, a suit, alleging federal antitrust violations, was dismissed for failure to state a claim upon which relief could be granted. Following this dismissal, the plaintiff filed suit in state court based upon the same transactions which were the ba-

sis of the original suit. However, the pleadings asserted a claim based solely on state law. The Court upheld the district court's refusal to remand the case to state court after its removal to federal court on the basis that the plaintiff's "artful pleading" was a method used to avoid raising "essentially federal law claims." Federated Department Stores, 452 U.S. at 397 n. 2, 101 S.Ct. at 2427 n. 2.

**17.** Federated Department Stores, 452 U.S. at 410 n. 6, 101 S.Ct. at 2433 n. 6.

**18.** *See* note 4, *supra*, for the text of 28 U.S.C. § 1447(c).

*Trust,* 719 F.2d 760, 766 n. 6 (5th Cir.1983). Furthermore, the United States Supreme Court has, subsequent to its opinion in *American Federated Stores,*[19] stated that

Although we have often repeated that 'the party who brings the suit is master to decide what law he will rely upon,' *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913), it is an independent corollary of the well-pleaded complaint rule that a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint, see *Avco Corp. v. Aero Lodge No. 735, Int'l Assn. of Machinists,* 376 F.2d 337, 339–340 (CA6 1967), aff'd., 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968).

*Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 22, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983). Recent jurisprudence indicates a predisposition of the United States Supreme Court to further endorse the Fifth Circuit's position that "upon removal the removal court should inspect the complaint carefully to determine whether a federal claim is necessarily presented, even if the plaintiff has couched his pleading exclusively in terms of state law." *In re Carter,* 618 F.2d at 1101. The Court finds that *In re Carter* applies under the facts of this case since the same general allegations and factual descriptions of the violations contained in the state court petition are used to support the federal causes of action in the federal complaints. After a careful inspection of the two removed petitions, the Court now finds that a "federal claim is necessarily presented", although the plaintiffs have stated their causes of action exclusively in terms of state law. Since a federal claim was stated based upon the allegations of the removed petitions, the Court must deny both motions to remand.

The Court further finds that the defendants' motion to consolidate should be granted.[20]

Therefore:

IT IS ORDERED that the motion of the plaintiffs in Civil Action Number 85–502 to remand this action to the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana, be, and it is hereby DENIED.

IT IS FURTHER ORDERED that the motion of the plaintiffs in Civil Action Number 85–503 to remand this action to the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana, be, and it is hereby DENIED.

IT IS FURTHER ORDERED that the motion of the defendants, Douglas Walsh, David McCollister and Equitivest, Inc., to consolidate Charles M. Reid, et. al. v. Douglas Walsh, Civil Action Number 85–355, Charles M. Reid, et. al. v. Equitivest, Inc. and David McCollister, Civil Action Number 85–356, Charles M. Reid, et. al. v. Equitivest, Inc. and David McCollister, Civil Action 85–502, and Charles M. Reid, et. al. v. David Walsh, Civil Action Number 85–503, be, and it is hereby GRANTED.

**19.** In *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983), the United States Supreme Court stated that the basis of the decision in *Avco Corp. v. Aero Lodge No. 735, Int'l Assn of Machinists,* 376 F.2d 337 (6th Cir.1967), *aff'd,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), holding that a federal question was presented, although not specifically elucidated, was that "the preemptive force of § 301 [of the Labor Management Relations Act of 1947, 29 U.S. § 185] is so powerful as to displace entirely any state cause of action 'for a violation of contracts between an employer and a labor organization.'" *Franchise Tax Board,* 103 S.Ct. at 2853. In the *Franchise* case itself, the Court held that a suit by the State of California, against a welfare benefit trust fund, in which the state sought to collect taxes, was not removable on the basis of the question of whether the Employee Retirement Income Security Act preempted the state's power to levy taxes on funds held in trust. See also *Powers v. So. Central United Ford & Commercial Workers Union & Employers Health & Welfare Trust,* 719 F.2d 760 (5th Cir.1983), where the Fifth Circuit held that preemption, like any other defense, could not be used as a basis for removal.

**20.** By letter dated June 10, 1985, the plaintiffs' counsel informed the Court that the plaintiffs were willing to consent to consolidation of these cases if the Court denied the motions to remand the removed actions.