Ray F. COODY and Mrs. Mary
Gaines Coody

v.

EXXON CORPORATION, John E.
Graham & Sons and Offshore
Marine, Inc.

No. 85–765–B.

United States District Court,
M.D. Louisiana.

March 3, 1986.

Paul H. Dué, Dué, Dodson, deGravelles,
Robinson & Caskey, Baton Rouge, La., for
plaintiffs.

Robert W. Wood, Jr., Lewis E. Hender-
son, New Orleans, La., for Exxon Corp.

Thomas J. Wagner, Mary Hubbard
Campbell, New Orleans, La., for John E.
Graham & Sons and Offshore Marine, Inc.

POLOZOLA, District Judge:

The issue before the court is whether
this suit should be remanded to the Nine-
teenth Judicial District Court, Parish of
East Baton Rouge, State of Louisiana. Be-
cause the court finds that the suit was
removed "improvidently and without juris-
diction," the suit must be remanded to
state court.

The plaintiffs filed the present suit
against Exxon Corporation ("Exxon"), John
E. Graham & Sons ("Graham") and Off-
shore Marine, Inc. ("Offshore") in state
court on June 14, 1985, to recover damages
arising from personal injuries that alleg-
edly occurred when Mr. Coody was being
transferred from a vessel to a platform
located in the Gulf of Mexico. On August
8, 1985, the defendants timely filed [1] a peti-
tion for removal which alleged that the
action was premised upon the Outer Conti-
nental Shelf Lands Act, 43 U.S.C. §§ 1331–
1356 ("OCSLA"). In their petition for re-
moval and in the briefs filed with the court
in connection with plaintiff's motion to re-
mand, the defendants contend that the case
is properly removable to federal court be-

---

1. 28 U.S.C. § 1446(b).

cause it is a civil action founded upon a right or claim that arises under the laws of the United States over which this court would be able to exercise original jurisdiction.[2] Thereafter, the plaintiffs filed the present motion to remand based upon their contention that the suit filed in state court is not premised upon a claim or right arising under the laws of the United States and, therefore, is not an action over which this court would have original jurisdiction.[3]

In support of their motion to remand, the plaintiffs contend that this suit was removed "improvidently and without jurisdiction"[4] because this case is not an action over which a federal district court would have original jurisdiction.[5] More specifically plaintiffs contend that this action is a case premised upon general maritime law and sanctioned as a state court action by the Savings to Suitors Clause of 28 U.S.C. § 1331.[6] Therefore, plaintiffs argue that absent diversity of citizenship, this court does not have subject matter jurisdiction. The defendants contend that the incident sued upon occurred at a location further than three (3) miles from the Louisiana coastline. Although a claim pursuant to OCSLA is not specifically asserted by the plaintiffs, defendants contend this court has jurisdiction under OCSLA.

 The court will first determine whether the present case is removable because of the general maritime claim brought pursuant to the Savings to Suitors Clause of 28 U.S.C. § 1333. It is settled that if one brings a maritime claim pursuant to § 1333, a defendant may not remove the case pursuant to 28 U.S.C. § 1441 on the ground that such a maritime claim "is a civil action arising under the Constitution, laws or treaties of the United States" and, therefore, is an action over which a district court would have original jurisdiction under 28 U.S.C. § 1331. *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 371, 79 S.Ct. 468, 480, 3 L.Ed.2d 368, *rehearing denied* 359 U.S. 962, 79 S.Ct. 795, 3 L.Ed.2d 769 (1959). In *Romero* the Court stated:

> ... the historic option of a maritime suitor pursuing a common-law remedy to select his forum, state or federal, would be taken away by an expanded view of § 1331, since saving clause actions would then be freely removable under § 1441 of Title 28, 28 U.S.C. § 1441. (References to footnotes in the original opinion have been omitted.)

The *Romero* Court also noted that "the policy of unremovability of maritime claims brought in the state courts was incorporated by Congress into the Jones Act." *Id.* 358 U.S. at 371, n. 29, 79 S.Ct. at 480, n. 29.

It has also been held that if a party brings a maritime claim in state court pursuant to the Savings to Suitors Clause, a defendant may not remove the suit to federal court on the basis of the court's admiralty jurisdiction as defined by 28 U.S.C. § 1333. *Alleman v. Bunge Corporation*,

---

**2.** 28 U.S.C. § 1441(a), in designating which actions are removable, provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

**3.** The defendants have not alleged diversity of citizenship as a basis for subject matter jurisdiction. 28 U.S.C. § 1332.

**4.** 28 U.S.C. § 1447(c) provides in pertinent part that "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs."

**5.** See 28 U.S.C. § 1331 which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

**6.** 28 U.S.C. § 1333 provides as follows:

> The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
> (1) Any civil action of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.
> (2) Any prize brought into the United States and all proceedings for the condemnation of property taken as a prize.

756 F.2d 344 (5th Cir.1984). In *Alleman* the Fifth Circuit Court of Appeals dismissed an appeal brought pursuant to 28 U.S.C. § 1292(a)(3),[7] because "the Allemans exercised their 'historic option' ... to bring their action in state court under the savings to suitors clause of 28 U.S.C. § 1331(1) (1982)." *Id.* 756 F.2d at 345. Once such an option has been exercised, the case "could have been removed only to a federal diversity court." *Id.* 756 F.2d at 345. Since the action in *Alleman* could have been properly removed from state court only on the basis of diversity jurisdiction, the action was not considered under the court's admiralty jurisdiction and, therefore, 28 U.S.C. § 1292(a)(3) could not be used as the basis for allowing the interlocutory appeal at issue. *Id.* 756 F.2d at 346. For these reasons the court finds the present action is not removable on the basis of a general maritime claim. Therefore, the court must determine whether the case is removable on the ground that the incident sued upon occurred at a location further than three miles from the coast of Louisiana. More specifically, the court must determine whether the court has original jurisdiction over this case even though a claim pursuant to OCSLA has not been specifically asserted by the plaintiffs.[8]

It is well settled that "the party who brings the suit is the master to decide what law he will rely upon." *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913). Since the plaintiff is the master of his claim, plaintiff's decision not to assert a federal claim, even though such a claim is available to the plaintiff, would generally prevent a defendant from removing such a suit to federal court on the basis of the unasserted federal claim.[9] However, in *Reid v. Walsh,*

620 F.Supp. 930, 933 (M.D.La.1985), this court noted:

> According to one commentator ... doubt has been cast upon this rule by *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981), a case in which the United States Supreme Court endorsed the principle that the plaintiff could not use "artful pleading" to avoid removal jurisdiction. Justice Brennan, who dissented in the *Federated Department Stores* case, criticized this approach and specifically referred to the Fifth Circuit case of *In re Carter*, 618 F.2d 1093 (5th Cir. 1980), *cert. denied* 450 U.S. 949, 101 S.Ct. 1410, 68 L.Ed.2d 378 (1981), as an example of how "some courts have not strictly observed the restrictions on removal jurisdiction." (References to footnotes in this quotation have been omitted.)

Furthermore, in *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983), the Supreme Court held that a suit by the State of California against a welfare benefit trust to collect certain taxes was not removable on the basis of whether the Employee Retirement Income Security Act preempted the state's power to levy taxes on funds held in trust. The Supreme Court stated:

> Although we have often repeated that "the party who brings the suit is master to decide what law he will rely upon," *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913), it is an independent corollary of the well-pleaded complaint rule that a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint, see *Avco Corp. v. Aero Lodge No. 735, Int'l Assn. of Machinists*, 376 F.2d 337, 339–40 (CA6 1967),

---

7. 28 U.S.C. § 1292(a)(3) permits an appeal of interlocutory decrees in admiralty cases.

8. 43 U.S. § 1349(b).

9. In *Pan American Petroleum Corp. v. Superior Court of Delaware*, 366 U.S. 656, 81 S.Ct. 1303, 6 L.Ed.2d 584 (1961), the Court stated that it was "equally immaterial ... that the plaintiff could

have elected to proceed on a federal ground. (Citation omitted.) If the plaintiff decides not to invoke a federal right, his claim belongs in state court." *Id.* 81 S.Ct. at 1307. See also *Great Northern Ry. Co. v. Alexander*, 246 U.S. 276, 282, 38 S.Ct. 237, 239, 62 L.Ed. 713 (1918) and *Henry v. A.B. Dick Co.*, 224 U.S. 1, 32 S.Ct. 364, 56 L.Ed. 645 (1912).

aff'd., 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968).

It is upon this established independent corollary of the well-pleaded complaint rule that the defendants in the present case rely. *Powers v. South Central United Food & Commercial Workers Unions & Employers Health & Welfare Trust,* 719 F.2d 760, 765 (5th Cir.1983). In *Powers,* the Fifth Circuit Court of Appeals stated that "fraudulent of 'artful' pleading frequently arises in the context of unnecessary joinder of non-diverse parties in an attempt to defeat removal based on diversity jurisdiction." *Id.* 719 F.2d at 765.[10] However, it is not only in the context of diversity that such "artful" pleading can occur. The *Federated Department Stores* case[11] and the *Reid* case[12] discussed previously are examples of the use of "artful" pleading in an attempt to defeat removal based upon federal question jurisdiction.

This court finds that the present case was removed "improvidently and without jurisdiction" and, therefore, in accordance with 28 U.S.C. § 1447(c) the case must be remanded to state court. This is not a case where the plaintiffs have used "artful"

pleading to defeat removal by not asserting a claim pursuant to OCSLA. Rather, this is a case where the plaintiff has decided not to assert a federal claim, although such a claim may be available to him. Under these circumstances, a defendant cannot use the unasserted federal claim as the basis for removing this case to federal court.[13] The distinction used by the *Powers* Court to distinguish *American Federated Stores* and which this court now uses to distinguish *Reid,* is that there was no indication by the plaintiff in *Powers,* as there is no indication by the plaintiffs in this case, of any desire to proceed under federal law. *Powers,* 719 F.2d at 766. It is "immaterial ... that the plaintiff[s] could have elected to proceed on a federal ground. * * * If the plaintiff[s] decide not to invoke a federal right, [their] claim belongs in state court." *Pan American Petroleum Corp. v. Superior Court of Delaware,* 81 S.Ct. at 1307. Therefore, in the present case it is likewise "immaterial" that the plaintiffs could have elected to assert a claim under OCSLA. Since plaintiffs did not elect to assert such a claim, there is no basis for subject matter jurisdic-

---

**10.** In *Powers v. So. Cent. Un. Food & Comm. Workers Unions,* 719 F.2d 760, 765 (5th Cir. 1983), the Fifth Circuit cited the following cases as examples of this type of pleading: *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921); *Wecker v. National Enameling & Stamping Co.,* 204 U.S. 176, 27 S.Ct. 184, 51 L.Ed. 430 (1907); *Covington v. Indemnity Insurance Co. of North America,* 251 F.2d 930 (5th Cir.), cert. denied, 357 U.S. 921, 78 S.Ct. 1362, 2 L.Ed.2d 1365 (1958).

**11.** In *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981), a suit, which alleged federal antitrust violations, was dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. Following such dismissal, the plaintiff filed suit in state court based upon the same factual transactions which were the subject of the dismissed federal suit. The state court petition, however, asserted a claim based solely upon state law. The Court affirmed the district court's refusal to remand the case to state court after its removal to federal court because the plaintiff had used "artful pleadings" to avoid raising "essentially federal law claims." Id. 452 U.S. at 397 n. 2, 101 S.Ct. at 2427 n. 2.

**12.** In *Reid v. Walsh,* 620 F.Supp. 930 (M.D.La. 1985), the plaintiffs filed substantially identical suits in state court and in federal court. The suits filed in federal court differed from the ones filed in state court in only two aspects: (1) an assertion that the factual allegations constituted a violation of the Securities Act of 1933 § 12(1) and § 12(2); and (2) and omission of a state law contract claim. The general allegations of the federal suit were verbatim to those of the state court petition as were the factual descriptions of the alleged violations. The Court held that since the same general allegations and the same factual descriptions of alleged violations of the state court petition were used to support the federal causes of action in the federal complaints a "federal claim [was] necessarily presented" in the state court petition and, therefore, the motion to remand was denied. *Reid v. Walsh,* 620 F.Supp. at 934.

**13.** *Pan American Petroleum Corp. v. Superior Court of Delaware,* 366 U.S. 656, 81 S.Ct. 1303, 6 L.Ed. 584 (1961); *Great Northern Ry. Co. v. Alexander,* 246 U.S. 276, 38 S.Ct. 237, 62 L.Ed. 713 (1918); *Henry v. A.B. Dick Co.,* 224 U.S. 1, 32 S.Ct. 364, 56 L.Ed. 645 (1912).

tion in this court. For these reasons, this case must be remanded to state court.

Therefore:

IT IS ORDERED that the motion of the plaintiffs, Ray F. Coody and Mrs. Mary Gaines Coody, to remand the above entitled action to the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana, be and it is hereby GRANTED.

Judgment shall be entered accordingly.