No. 80–733. SHEET METAL WORKERS' INTERNATIONAL ASSN., AFL–CIO *v.* CARTER.   C. A. 5th Cir.   Certiorari denied. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

JUSTICE REHNQUIST, dissenting.

The Court of Appeals for the Fifth Circuit held in this case that an order of the District Court for the Southern District of Georgia remanding a case to the state court from which it was removed was reviewable through a petition for a writ of mandamus. This conclusion is directly contrary to the plain language of 28 U. S. C. § 1447 (d), which provides that "[a]n order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise." Such manifest disregard of the language of Congress should in my opinion warrant at least review by this Court, if not summary reversal.

The complicated course of this litigation began in 1972, when respondent filed an action against petitioner International Union in state court. Petitioner did not answer the

complaint but instead moved to dismiss it for improper service. This motion was denied and a default judgment eventually entered against petitioner. A state trial was held for the sole purpose of calculating damages. The judgment entered for respondent, however, was ultimately reversed by the Georgia Supreme Court on the ground that the International had not been properly served. *Sheet Metal Workers' International Assn.* v. *Carter,* 241 Ga. 220, 244 S. E. 2d 860 (1978). When the action was reinstituted and petitioner was properly served, it removed the action to federal court. As early as pretrial conference it clearly developed that respondent's only claim was a state-law claim for intentional infliction of emotional distress, App. to Pet. for Cert. 1a, but respondent never moved to remand the case and the court did not do so *sua sponte.* The case proceeded to trial and the jury awarded compensatory and punitive damages in favor of respondent. Petitioner then moved to have the judgment vacated and the case remanded for lack of subject-matter jurisdiction. The District Court concluded that jurisdiction was lacking, set aside the verdict and judgment, and remanded the action to state court. The court then stated: "Notwithstanding 28 U. S. C. § 1447 (d), this Court hopes this Order is appealable. Perhaps another exception may be carved out of the statute." *Id.,* at 3a.

The Court of Appeals acceded to the wishes of the District Court. It granted respondent's petition for a writ of mandamus, vacated the remand order, and directed the District Court to consider if it had pendent jurisdiction of the state-law claim. It overcame to its satisfaction the seemingly clear prohibition of § 1447 (d) on the ground that § 1447 (c) required remand "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction," while the District Court ordered remand *after* final judgment. Relying on our decision in *Thermtron Products, Inc.* v. *Hermansdorfer,* 423 U. S. 336 (1976), the

court reasoned that the remand order was not within § 1447 (c) and thus review was not prohibited by § 1447 (d).

In *Thermtron,* however, the Court stated that "[i]f a trial judge purports to remand a case on the ground that it was removed 'improvidently and without jurisdiction,' his order is not subject to challenge in the court of appeals by appeal, by mandamus, or otherwise." 423 U. S., at 343. The District Court remanded this case precisely for the quoted reason. While *Thermtron* also stated that "[t]here is no indication whatsoever that Congress intended to extend the prohibition against review to reach remand orders entered on grounds not provided by the statute," *id.,* at 350, this remand order was entered on grounds permitted by the statute and therefore comes under that portion of the *Thermtron* opinion stating that "we neither disturb nor take issue with the well-established general rule that § 1447 (d) and its predecessors were intended to forbid review by appeal or extraordinary writ of any order remanding a case on the grounds permitted by the statute." *Id.,* at 351–352. See *Briscoe* v. *Bell,* 432 U. S. 404, 414, n. 13 (1977) ("Where the order is based on one of the enumerated grounds, review is unavailable no matter how plain the legal error in ordering the remand"); *Gravitt* v. *Southwestern Bell Telephone Co.,* 430 U. S. 723 (1977) ("Title 28 U. S. C. § 1447 (c) provides for remanding a removed action when the district court determines that 'the case was removed improvidently and without jurisdiction'; and when a remand has been ordered on these grounds, 28 U. S. C. § 1447 (d) unmistakably commands that the order 'remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise' "). Nothing in *Thermtron* suggests a further exception to the clear prohibition of § 1447 (d) based merely on the timing of the district judge's remand order.

The Court of Appeals stated that appellate review of remand orders entered after final judgment served the policy concerns underlying § 1447 (d). Not only is such policy

analysis inappropriate in light of the plain language of the statute, it is unsound also. Congress' purpose in enacting § 1447 (d) was to "prevent delay in the trial of remanded cases by protracted litigation of jurisdictional issues." *Thermtron, supra,* at 351. When the appellate court undertakes review of a remand order entered after final judgment and concludes that remand was appropriate, the wasteful delay is clear. Although a retrial in state court may be avoided if a reviewing federal court determines remand was inappropriate, such a benefit can only be had by subjecting *all* remand orders after final judgment to review. The present case is actually a paradigmatic example of the delay Congress intended to prevent, since the Court of Appeals did not even resolve the jurisdictional issue, but remanded to the District Court for further proceedings. A clearer instance of the evil Congress intended to avoid—"delay in the trial of remanded cases by protracted litigation of jurisdictional issues"—would be difficult to imagine.

This Court obviously cannot grant certiorari to review every case in which four of its Members believe an important issue is presented and wrongly decided. But where, as here, we deal not with shades of gray clustering on both sides of a wavering legal line, but instead with a jurisdictional statute in which Congress has stated in bright-line terms that "[a]n order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise," the case for plenary consideration is considerably stronger.

In these days of proliferating litigation, there is a tendency to lose sight of the very sensible observation of Justice Brandeis, dissenting in *Burnet* v. *Coronado Oil & Gas Co.,* 285 U. S. 393, 406 (1932), that "in most matters it is more important that the applicable rule of law be settled than that it be settled right." This is particularly true of jurisdictional statutes and statutes and rules regulating trial procedures and appellate review. Here the Court of Appeals, contrary to the opinion in *Thermtron, supra,* reviewed by extraordinary writ

(mandamus) an order remanding a case on grounds permitted by the applicable statute. If it may without further review here breathe life into the District Court's hope that "another exception may be carved out of the statute," the congressional policy underlying the statute will soon be at the mercy of any court of appeals which wishes to disobey it.

Since the litigation in question has been protracted, and because petitioner may be suspected of having engaged in tactical maneuvering in order to bring itself within the ambit of the congressional prohibition against such review, there is natural sympathy for respondent. But sympathy so generated is not a sound basis for administering a system of justice involving sensitive federal-state questions such as this. Since the action of the Court of Appeals was squarely contrary to the express congressional language referred to above, I would grant the petition for certiorari and reverse the judgment.