SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, AFL–CIO, Petitioner,

v.

Honorable Frank H. SEAY, District Judge of United States District Court for the Eastern District of Oklahoma; Acme Engineering & Manufacturing Corp.; Sheet Metal Workers Local No. 275, its Officers, Agents, Representatives, Employees, and Members; John H. Barton, individually and as Business Manager of Sheet Metal Workers Local No. 275, Respondents.

No. 82–2318.

United States Court of Appeals, Tenth Circuit.

Jan. 5, 1983.

Donald W. Fisher, Toledo, Ohio, and Thomas F. Birmingham, Tulsa, Okl., for petitioner.

Lynn Paul Mattson and Richard L. Barnes, Tulsa, Okl. (Nichols & Wolfe, Inc., Tulsa, Okl., were also on brief), for respondent and plaintiff below, Acme Engineering & Mfg. Corp.

Thomas F. Birmingham, Tulsa, Okl. (Ungerman, Conner & Little, Tulsa, Okl., also joined in the response), for respondents and defendants below, Sheet Metal Workers Local No. 275, its officers, agents, representatives, employees and members, and John H. Barton, individually and as Business Manager of Sheet Metal Workers Local No. 275.

## ON PETITION FOR REHEARING IN BANC

Before HOLLOWAY, BARRETT and DOYLE, Circuit Judges.

HOLLOWAY, Circuit Judge.

The mandate which issued is ordered recalled for consideration by the full court of the petition for rehearing and suggestion of rehearing in banc filed by respondent Acme Engineering and Manufacturing Corp. The panel has concluded that the petition presents no reasons justifying a rehearing. This discussion will briefly treat Acme's contentions.

First, Acme argues that where there is a joinder of a state cause of action (here alleged tortious interference with Acme's business relationships) with a federal cause of action (here a claim of breach of obligations under a collective bargaining agreement), then the federal court must consider any potential limitations on federal jurisdiction over the state cause of action as a matter of discretion in contemplating removability of the case under 28 U.S.C. § 1441(c). Of course, Acme is referring to the limitations on injunctive remedies imposed by the Norris-LaGuardia Act. Acme cites the concluding proviso in § 1441(c), emphasized below:

> (c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, *or, in its discretion, may remand all matters not otherwise within its original jurisdiction.* (Emphasis added).

The argument is untenable. As our opinion noted (*see* note 2 of original opinion), the district court did not make a discretionary partial remand "of all matters not otherwise within its original jurisdiction." Instead the order remanded the entire *case* and did so on unauthorized grounds, *i.e.,* because the district court felt the state court was the "most equitable forum" in view of possible foreclosure of federal injunctive remedies. This was thus a remand of the entire case on grounds not authorized by § 1447(c) which provides not for discretion to remand, but that the district court "shall remand the case" if it appears that it "was removed improvidently and without jurisdiction"—grounds not present here as our original opinion explained. Section

1441(c) plainly confers discretion to determine all issues, or to make a *partial* remand where there is joinder of "otherwise non-removable claims or causes of action" with a separate and independent removable one. We are not concerned with an order which made only a partial remand and therefore Acme's reliance on § 1441(c) is misplaced.

■■■ We note at this point also that Acme refers to removal of the case by the defendants under 28 U.S.C. § 1441(c). Acme says that the only manner in which its first cause of action (alleging tortious interference with its contractual relations) was ever removed was pursuant to 28 U.S.C. § 1441(c), dealing with removal where separate and independent removable claims are joined with otherwise non-removable claims. (Petition for Rehearing in Banc at 2, 7). The petition for removal did first cite § 1441(c), but it also averred that the allegations stated a claim or right arising out of the Constitution or laws of the United States and that removal might be made pursuant to 28 U.S.C. § 1441(b). (Petition for Removal, ¶ 10). The second cause of action alleged breaches of obligations under the collective bargaining agreements. It is clear that such an action is controlled by federal substantive law even though it is brought in a state court and that such a "claim under this collective bargaining agreement is one arising under the 'laws of the United States' within the meaning of the removal statute. 28 U.S.C. § 1441(b)." *Avco Corp. v. Aero Lodge No. 735,* 390 U.S. 557, 560, 88 S.Ct. 1235, 1237, 20 L.Ed.2d 126. Where such a removal under § 1441(b) may be had, federal jurisdiction can be exercised over pendent state law claims arising from the same nucleus of operative facts. *In re Carter,* 618 F.2d 1093, 1104 (5th Cir.), *cert. denied sub nom. Sheetmetal Workers' International Ass'n v. Carter,* 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378; 14 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3722 at 572–73 & n. 50, and § 3724 at 648.

Second, Acme contends we have confused the two causes of action, that we have read *Avco* far too broadly, and that *Avco* is wholly dissimilar because it involved no pendent state law claims. The arguments do not address the holding of *Avco* on which we rely and which remains significant here, namely, that "[t]he nature of the relief available after jurisdiction attaches is, of course, different from the question whether there is jurisdiction to adjudicate the controversy." *Avco, supra,* 390 U.S. at 561, 88 S.Ct. at 1237. This pertinent reasoning demonstrates that the order of remand here was not grounded on considerations of subject matter jurisdiction, but instead on the court's view of possible foreclosure of remedies in federal court so that the state court was "the most equitable forum." Thus the order of remand was not based on lack of subject matter jurisdiction but was issued on grounds not authorized by 28 U.S.C. § 1447(c) for remand. *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 350–51, 96 S.Ct. 584, 592–93, 46 L.Ed.2d 542.

Third, Acme argues that if our writ of mandamus is literally enforced, it would create an anomalous and grossly unfair situation of the federal court assuming jurisdiction of a pendent cause of action based on state law not within the original jurisdiction of the federal court, with Acme also facing "dismissal" of a desired state remedy because of the prohibitions of the Norris-LaGuardia Act. Of course, the fact that a pendent state claim not within original federal jurisdiction is entertained where valid jurisdiction of a federal claim exists is no anomaly. The exercise of such discretionary pendent jurisdiction in proper cases has long been recognized. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 723–25, 86 S.Ct. 1130, 1137–38, 16 L.Ed.2d 218. Removal having been properly made here, we have decided only that, under the clear standards of *Thermtron,* mandamus relief is proper because the order of remand was issued on grounds unauthorized by the statutes. We have in no way intended to express an opinion on the propriety of the exercise of pendent jurisdiction over the state law claim and merely note that this question "remains open throughout the litigation. . . ." *Gibbs, supra,* 383 U.S. at 727, 86 S.Ct. at 1139. As provided below, we are clarifying our judgment to make it clear

that the district court is not precluded from exercising discretion whether to entertain any pendent state law claim.

Accordingly, the petition for rehearing is denied by order of the panel. The petition with the suggestion for rehearing in banc having been transmitted to the full court and no judge in regular active service having requested a poll thereon, that suggestion is denied. *See* Rule 35, F.R.A.P. Petitioner's motion to recover damages in this proceeding, including attorney's fees and costs, is also denied. The concluding sentence of the original opinion is modified to read as follows:

> Accordingly, the petition for mandamus is granted and the district court is directed to vacate the order of remand and to entertain the cause; it is provided, however, that this judgment does not preclude the district court from determining whether or not to entertain any pendent claim based on state law.

IT IS SO ORDERED.