**Alexis ALEDIDE, Plaintiff,**
**v.**
**Morty BARR, etc., et al.,\* Defendants.**

**No. 84 Civ. 3905 (MJL).**

United States District Court,
S.D. New York.

Feb. 25, 1985.

\* In the complaint the names of the parties were spelled Alexis Aleide, Morty Barr, and Nick De-Santes, however, it appears that all three names were misspelled. The actual names are: Alexis Alcide (Plaintiff); Morton Bahr; and Nicholas DeSantis. The venue box of this action is hereby amended to reflect the proper names.

Alexis Alcide, pro se.

Ann F. Hoffman, New York City, for defendants.

LOWE, District Judge.

Plaintiff brought this action in the Civil Court of New York, Small Claims Part, alleging that his union illegally deprived him of the proceeds of an arbitration award against his former employer. The defendants, who are both officers of plaintiff's former union, the Communications Workers of America ("CWA" or "Union"), removed the action to this Court. Presently before the Court is plaintiff's motion to remand and defendants' cross-motions to dismiss or in the alternative to grant summary judgment, and for leave to file an amended petition of removal. For the reasons stated below we deny plaintiff's motion to remand; deny defendants' motion to file an amended petition of removal; deny defendants' motion to dismiss for failure to state a claim; grant defendants' motion to dismiss as time barred in part; and remand the case to the state court, *sua sponte.*

# I

## BACKGROUND

Plaintiff, Alexis Alcide ("Alcide"), was a member of CWA while he was employed at the Western Union Company ("Western"). During that time CWA filed a series of grievances against the company on behalf of several workers, including Alcide. All but one of the grievances were stayed pending the outcome of an arbitration on a lead case. On March 9, 1982 the Arbitrator ruled in favor of the union and ordered CWA and Western to attempt to stipulate to damages. On September 9, 1982 Alcide resigned his position with Western, apparently to attend law school. On January 12, 1983 CWA and Western Union reached an agreement as to damages for all of the grievances.

Western pursuant to the settlement and under the instructions of the CWA, paid the settlement to "the named grievant and other active employees in the classifications affected by the award *who are bargaining unit members at the time of the settlement.*" Defendants' Memorandum of Law in support at 4 [emphasis added]. Because Alcide resigned after the grievance and before the settlement, the effect of this distribution was to exclude Alcide from any share of the arbitration proceeds. It also had the effect of proportionally increasing the other bargaining unit members' shares. Thus they received more than their share and Alcide received nothing.

■ Beginning about May of 1983 Alcide wrote a series of letters to CWA and Western officials in an attempt to ascertain the status of the grievance. He eventually learned that the money had been distribut-

ed pursuant to the above outlined policy. When his attempt to gain some satisfaction from the union failed, he filed this action in the Civil Court of New York, Small Claims Part. This Court takes note that the practice and pleading in the Small Claims Part is singularly informal. The Complaint form, which asks for $900.00 in damages reads in its entirety: "The above defendants ` withou cause · defendants without cause denied. claimant proceeds of an Arbitrator's award to which claimant had legal right to Interest due 5/83 [sic]." [1]

The defendants removed the action to this Court claiming that it states a federal claim for breach of the union's duty of fair representation; however, they argue that the complaint should be dismissed for failure to state a claim upon which relief may be granted or in the alternative that it should be dismissed as time barred. ·

The plaintiff argues for remand on the ground that the action sounds in tort, therefore no federal subject matter jurisdiction exist.

# II

## DISCUSSION

*The Motion to Remand:*

■ The pertinent inquiry on this removal motion is whether plaintiff's complaint, fairly read, states a claim for breach of the duty of fair representation. It has long been established that a federal question must appear on the face of plaintiff's well pleaded complaint, unaided by the defendant's answer or the petition for removal. *Gully v. First Nat. Bank In Meridian*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936).

---

**1.** Defendants' argue:

Finally, defendants realize that the pleading requirements for Small Claims Court permit simplicity. Plaintiff's terse complaint may be a product of that fact. Even though this may be true, Plaintiff alleges nothing more than bare conclusions of law. These conclusory allegations without any factual basis cannot survive a motion to dismiss and the complaint, therefore, should be dismissed. *Conley v. Gibson*, 355 U.S. 41, 47–48 [78 S.Ct. 99, 102–103, 2 L.Ed.2d 80] (1957); *Czosek v.*

*O'Mara*, 397 U.S. 25 [90 S.Ct. 770, 25 L.Ed.2d 21] (1970).
Defendants Memorandum in support of motion to dismiss at 11.
We hold that when a defendant removes a complaint which states the claim with sufficient specificity to be viable in the court from which it was removed, they may not later be heard to seek dismissal for want of specificity. This is not to say, however, that they may not move for a more definite statement pursuant to Fed.R. Civ.P. 12(e).

However, a suit may be removed where the real nature of the claim asserted in the complaint is federal irrespective of whether it is so characterized, or where the plaintiff inadvertently, mistakenly or fraudulently conceals the federal question that would necessarily have appeared if the complaint had been well pleaded." 1A Moore's Federal Practice ¶ 0.167[7.1]; *Fay v. American Cystoscope Makers,* 98 F.Supp. 278 (S.D.N.Y.1951); *Ulichny v. General Electric Co.,* 309 F.Supp. 437, 440 (N.D.N.Y.1970).

■ Plaintiff argues for remand on the ground that no federal question appears on the face of the complaint. Specifically he argues that the complaint "alleges that defendants below had negligently denied [him] an equal share of a lump sum settlement reached by arbitration [sic]." "Plaintiff's Original Reply" ¶ 3. Plaintiff therefore attempts to avoid federal jurisdiction by claiming his complaint is for negligence.

In essence Alcide claims that the CWA's distribution of the arbitration settlement monies did not serve his interest fairly. This claim is plainly within the ambit of the duty of fair representation. Unions have a duty "to make an honest effort to serve the interest of all [its] members without hostility to any." *Ford Motor Co. v. Huffman,* 345 U.S. 330, 337, 73 S.Ct. 681, 685, 97 L.Ed. 1048 (1953); *Steele v. Louisville and Nashville R. Co.,* 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 (1944); *Del Costello v. United Steelworkers,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Accordingly we find that plaintiff's complaint does state a claim for breach of the duty of fair representation. Thus since a federal question is present, removal was proper.[2] The motion to remand is therefore denied.

In finding that the one sentence complaint states a federal claim, we do not mean to imply that it cannot also state a pendent state law claim.[3]

### III

#### A. *Failure to State a Claim Upon which Relief Can Be Granted.*

Defendants next argue that the complaint should be dismissed for failure to state a claim upon which relief can be granted in that a fair representation claim must allege that the union's action was "arbitrary, discriminatory or in bad faith," *Vaca v. Sipes,* 386 U.S. 171 at 190, 87 S.Ct. 903 at 916, 17 L.Ed.2d 842 (1967), or that the conduct was "intentional, severe, and unrelated to legitimate union objectives." *Motor Coach Employees v. Lockridge,* 403 U.S. 274, 301, 91 S.Ct. 1909, 1925, 29 L.Ed.2d 473 (1970). This statement of the law is undoubtedly correct, however, defendants go on to argue:

> Local 1177 did not act arbitrarily in not forwarding to plaintiff a portion of the lump sum settlement in dispute. Local 1177 has had a policy since at least 1969 whereby non-active employees do not share in lump sum settlements. This policy has been applied numerous times and remains in effect. There is nothing arbitrary about either the policy or the manner in which it is enforced.

Memo of Law in Support of Defendants' Motion To Dismiss at 8.

Defendants thus claim that the standard stated in *Vaca* requires only that the union's action be part of a standard policy, uniformly applied, in order to avoid fair representation liability. We find this argument meritless. In essence defendants' reason that the doing of an improper act with regularity somehow makes the act proper. While this may indicate that the

---

2. Because we believe the removal was proper under the petition for removal, the defendants' motion for leave to file an amended petition for removal is moot. Accordingly it is denied.

3. While negligence does not seem to be the appropriate tort, plaintiff's complaint may fairly be read to state a claim for conversion. *See e.g., First National Bank of Highland v. Merchant's Mutual Insurance Co.,* 89 Misc.2d 771, 392 N.Y. S.2d 836, (S.Ct.1977), *Aff'd.* 65 A.D.2d 59, 410 N.Y.S. 679 (3d Dept.1978) ("When a defendant has an obligation to return or otherwise treat an amount of money in a particular manner and fails to do so, he is liable for conversion".). Also, the complaint might be read to state claims grounded in contract or fiduciary relationships.

act was not discriminatory, it is irrelevant when the arbitrariness of the act is brought into question.

In fact, at first blush, nothing could seem more arbitrary than the defendants' actions. It is undisputed that they brought an arbitration, at least partially in Alcide's name and they diverted the award in such a way as to disproportionately benefit others while depriving Alcide of any redress. Alcide was a party to the labor contract with Western. If, as the arbitrator found, Western breached its contract, then absent special circumstances, the damages belong to those who were the intended beneficiaries of the contract.

The Union's policy has the same effect as so-called "members only" contracts. In such contracts, the Union bestows benefits upon union members to the detriment of non-members. Such contracts have consistently been held to be illegal. *Radio Officers Union v. NLRB*, 347 U.S. 17, 74 S.Ct. 323, 98 L.Ed. 455 (1954); *Local 450, International Union of Operating Engineers*, 122 NLRB 564, 43 LRRM 1161 (1958) *aff'd in part*, 281 F.2d 313 (5th Cir.1960), *cert. denied*, 366 U.S. 909, 81 S.Ct. 1084, 6 L.Ed.2d 235 (1961).

The defendants argue that their policy is necessitated by administrative factors. They contend that because former members may be difficult to locate, it would not be feasible to distribute the award proportionately. In support of their position defendants rely on the NLRB ruling in *Steelworkers Local 2869*, 239 NLRB 982, 100 LRRM 1073 (1978). That case is distinguishable from the case at bar. There over 200 employees were involved and the arbitration took over three years. The majority, noting the passage of time between the grievances and the settlement, found that a non-proportional distribution was a "practical administrative determination." [4] *Steelworkers Local 2869*, 239 NLRB at 983 100 LRRM at 1074. The instant case involves fewer people and a shorter time span.

■ While we are not bound by the *Steelworkers* case, we agree that in special circumstances administrative convenience may justify a non-proportional distribution. However, that case cannot be read to say (nor would we hold) that when the proceeds of an arbitration are distributed to exclude someone on whose behalf the arbitration was brought, the duty of fair representation is not breached. In fact, although there is no case law on point, we believe that under the circumstances a presumption is raised in favor of the former employee. The burden of proving that the non-proportional distribution was necessary to avoid unreasonable administrative cost is with the union.

■ We hold that Alcide has stated a *prima facie* case. Therefore defendants' motion to dismiss for failure to state a claim is denied.

### B. *Statute of Limitations*

■ The defendants next argue that the complaint should be dismissed as time barred. They correctly point out that the recent case of *Del Costello v. United Steelworkers*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) set a six-month statute of limitations for fair representation claims. The record is clear that on June 27, 1983 defendant DeSantis wrote to Alcide and informed him of the distribution.

---

**4.** We note that the dissent even more strongly supports plaintiffs' case. The dissenters wrote:
No rational basis exists for depriving an employee of money paid on account of wages he has lost and giving the money to an employee who has not lost those wages. Apart from caprice, such an allocation of the money has nothing to sustain it except the Union's desire to gain support of those still in the unit, at the expense of those who had left it but whom the Union was still obligated to represent fairly as to matters arising from their employment in the unit. This sort of invidious, self-aggrandizing decision by a union has been unlawful probably since *Radio Officers Union of the Commercial Telegraphers Union [A.H. Bull Steamship Co.] v. N.L.R.B.* 347 U.S. 17 [74 S.Ct. 323, 98 L.Ed. 455] and certainly since *Vaca v. Sipes*, 386 U.S. 171 [87 S.Ct. 903, 17 L.Ed.2d 842] (1967), and *Miranda Fuel Company, Inc.*, 140 NLRB 181, 51 LRRM 1584 (1962).
239 NLRB at 983–84, 100 LRRM at 1075.

Defendants' Exhibit D. Alcide responded to the letter on October 14, 1983 stating "If I do not hear from you within seven (7) working days ... legal action will be filed against the [union]." Therefore it appears that by October 14, 1983 at the latest, Alcide knew that his action had accrued. He filed suit on May 15, 1984—seven months later. Accordingly, under *Del Costello*, we have no choice but to dismiss the fair representation action as time barred.

■ Since the fair representation claim provided the only basis for removal, its dismissal divests this Court of federal question jurisdiction. When the federal claims have been dismissed in a case which was removed from state court, the district court, in its discretion, may remand *sua sponte*. *McRae v. Arabian American Oil Co.*, 293 F.Supp. 844 (S.D.N.Y.1968); *Leinberger v. Webster*, 66 F.R.D. 28 (E.D.N.Y. 1975); 1A Moore's Federal Practice ¶ 0.163.[4.–9]

■ While we could, in the exercise of our discretion, retain jurisdiction over the pendent state law claims, we believe that they should be remanded. The state court is in a better position to judge whether there has been a violation of state law, whether for conversion or some other tort moreover, litigation of the claim would be less expensive in the State Small Claims Court—the forum plaintiff chose—than in this Court.

### IV

### CONCLUSION

Accordingly plaintiff's motion to remand is denied. Defendants' motion for leave to file an amended petition of removal is also denied. Defendants' motion to dismiss for failure to state a claim is denied, however their motion to dismiss the complaint as time barred is granted. The Court in the exercise of its discretion remands the case to the Court from which it was removed. Because the removal was proper, the defendants' removal bond is discharged.

It Is So Ordered.