**Carmine OLIVA, Plaintiff,**

v.

**WINE, LIQUOR AND DISTILLERY WORKERS UNION, LOCAL ONE; Louis A. Damato, Individually and as Vice President of the Wine, Liquor and Distillery Workers Union, Local One; and Capitol Distributors Corp., Defendants.**

**No. Civ. 5111 (LBS).**

United States District Court, S.D. New York.

Jan. 13, 1987.

Mordkofsky & Goldstein, P.C., Bronx, N.Y. (Justin Levine, of counsel), for plaintiff.

Victor Feingold, New Rochelle, N.Y., for Local One and Louis A. Damato.

Buchman Buchman & O'Brien, New York City (Daniel Cohen, of counsel), for Capitol Distributors Corp.

SAND, District Judge.

### Background

This action arises out of an employment dispute among the plaintiff ("Oliva"), the labor union of which he was a member at all times relevant hereto ("Local One"), and Oliva's former employer, a wholesale liquor distributor ("Capitol"). In March 1985, defendant Capitol advised Oliva that his employment had been terminated because of Oliva's "misappropriation of the employer's merchandise." *See* Exhibit F of Affidavit of Sidney Michael. Subsequently, at Oliva's request, defendant Local One, the collective bargaining agent for Capitol's employees, exercised its right under the collective bargaining agreement with Capitol to proceed with an arbitration to determine whether Capitol's discharge of Oliva was contractually proper. An arbitration hearing was scheduled for April 22, 1985 before the New York State Mediation Board's appointed Labor Arbitrator. On the morning of the scheduled proceedings, however, Oliva voluntarily resigned from Capitol. *See* Exhibit I of Affidavit of Sidney Michael. Accordingly, Local One cancelled the impending arbitration.

Approximately a year after Oliva tendered his resignation, he commenced this action in New York Supreme Court, New York County. Defendant Capitol then removed the case to federal court pursuant to 28 U.S.C. § 1441(a).

Oliva's state court complaint alleged four causes of action. In the first count, plaintiff charged that he relied on false representations by Local One's Vice-President, defendant Louis Damato, in waiving his right to an arbitration hearing. The allegedly false representations involved an assurance by Damato that Local One would procure alternative permanent employment for Oliva if he resigned from Capitol. Plaintiff claimed in his second and third causes of action that Local One's failure to submit his grievance to arbitration consti-

tuted, respectively, a breach of contract and a "breach of the duty of fair representation." In a fourth count, plaintiff sued Capitol for breach of the collective bargaining agreement for its failure to submit the issue of Oliva's termination to arbitration.

Local One and Damato responded to Oliva's complaint by interposing a counterclaim against Oliva for filing his complaint "in bad faith" and with an intent to harass, and a cross-claim against Capitol for contribution. Capitol, too, filed a counterclaim against plaintiff seeking reimbursement of costs incurred by Capitol in defending what Capitol alleged was a bad faith claim.

Presently pending before the Court are motions for summary judgment and costs submitted by all three defendants. We grant the motions for summary judgment but deny defendants' applications for an award of costs.

### Discussion

#### I. Removal Jurisdiction

At the outset, we must resolve a threshold jurisdictional question. Plaintiff argues that the removal of this action from state to federal court under the federal question removal statute was improper. He claims that "[a] clearer case of simple fraud or breach of contract could not be made out and these are causes of action recognized by state courts." Plaintiff Carmine Oliva's Memorandum of Law at 5. Accordingly, plaintiff seeks a remand of his lawsuit to the state forum he originally selected.

A defendant's right to remove a case from state to federal court is governed by statute. In this case, removal was based on 28 U.S.C. § 1441(b), which provides in pertinent part:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

In deciding whether removal jurisdiction has been properly conferred on a federal court, "the federal court must evaluate the substantive underpinnings of plaintiff's claim ... at the time the petition for removal was filed." C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, § 3721 at 209 (2d ed. 1985). Our task, therefore, is to examine Oliva's state court pleadings to determine whether the claims present a federal question.

■ In undertaking this analysis, we are not bound to adhere to plaintiff's characterization of his claims. Where the "real nature" of a complaint is federal, removal jurisdiction is proper regardless of whether a plaintiff pleads his claims in state law terms. *See In re Carter*, 618 F.2d 1093, 1101 (5th Cir.1980), *cert. denied*, 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981); *see also* Wright, Miller & Cooper, *supra*, § 3722 at 270.

Oliva's complaint, viewed at the time of removal, in essence alleges two substantive claims—one directed at the union, and the other directed at Oliva's employer. The core of Oliva's dispute with Local One lies in count three of Oliva's complaint, which alleges that the union's "bad faith representations" to Oliva constitute "a breach of its fiduciary duty to represent the plaintiff fairly." *See* Complaint at ¶ Twenty-Second and ¶ Twenty-Third. The other two causes of action asserted against Local One are framed as fraud and breach of contract claims.

Federal labor law imposes on a labor union the duty to fairly represent all employees within a collective bargaining unit. The union's federal "duty of fair representation" flows from the rights which the union is granted under sections 8(b) and 9(a) of the federal labor laws, 29 U.S.C. §§ 158(b), 159(a) (1976). *Vaca v. Sipes*, 386 U.S. 171, 177, 87 S.Ct. 903, 909, 17 L.Ed.2d 842 (1967); *DelCostello v. Teamsters*, 462 U.S. 151, 164, 103 S.Ct. 2281, 2290, 76 L.Ed.2d 476 (1982). "When a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory or in bad faith," the union has breached its statutory duty of fair representation. *Vaca*, 386 U.S. at 190, 87 S.Ct. at 916.

■ Viewed in this conceptual framework, Oliva's complaint clearly pleads a federal claim against Local One. Indeed, portions of the complaint are cast in the very language *Vaca* sets forth in defining the duty of fair representation: the first and third causes of action specifically plead that Local One's alleged misrepresentations were made in "bad faith." *See* Complaint at ¶ Eleventh and ¶ Twenty-Second. Although Oliva's complaint does not expressly rely on federal law, the gravamen of Oliva's claims against Local One and Damato, all of which arise out of the same acts and conduct, is that Local One treated Oliva, as an individual union member, unfairly and in contravention of the union's duty to represent him "with complete good faith and honesty." *Vaca*, 386 U.S. at 177, 87 S.Ct. at 909. The fraud and breach of contract claims against Damato and Local One are "nothing more than recharacterizations" of Oliva's federal fair representation claim. *Carter v. Smith Food King*, 765 F.2d 916, 921 (9th Cir.1985). We conclude, therefore, that the real nature of plaintiff's claims against Damato and Local One is a federal cause of action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1337 (1976). On this basis, removal to federal court was proper. *See Aledide v. Barr*, 607 F.Supp. 281, 284 (S.D. N.Y.1985) (claim within the ambit of union's duty of fair representation properly removed to federal court).

■ Removal of this action was also valid based on the fourth cause of action in Oliva's complaint—the claim against Capitol for a breach of the collective bargaining agreement. Subsequent to the removal of the case, at the oral argument of the present motions for summary judgment, plaintiff voluntarily dismissed the claim it originally pleaded against Capitol. Notwithstanding the voluntary dismissal, the duty of a federal court, as we have noted, is to examine the propriety of removal jurisdiction at the time of the petition for removal, when the case first proceeds in

federal court. At the time of Capitol's removal petition in this action, Oliva's complaint stated a contract claim against Capitol founded on the collective bargaining agreement, the terms of which were excerpted at length in paragraph Twenty-Seventh of the breach of contract claim against Capitol.

As Oliva properly recognized in framing his cause of action against Capitol, resolution of that claim would necessarily require the interpretation of the language of the collective bargaining agreement. Pursuant to Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, the meaning of terms in a collective bargaining agreement must be determined by federal law. *Teamsters v. Lucas Flour,* 369 U.S. 95, 103–04, 82 S.Ct. 571, 576–77, 7 L.Ed.2d 593 (1962). The preemptive effect of section 301 has been long recognized and recently reaffirmed. *See Lucas Flour, supra; see also Allis Chalmers Corp. v. Lueck,* 471 U.S. 202, 209, 105 S.Ct. 1904, 1910, 83 L.Ed.2d 206 (1985). While Oliva's complaint does not mention section 301, we conclude that his original breach of contract claim against Capitol was a section 301 claim. *See Smith v. Evening News Ass'n,* 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962) (Individual members of a signatory union may bring a § 301 claim to enforce the terms of a collective bargaining agreement). Thus, the suit provided a proper basis for removal. *Allor v. Amicon Corp.,* 631 F.Supp. 326, 331 (E.D.Mich. 1986) (Complaint which required interpretation of contract terms of a collective bargaining agreement held removable to federal court).

## II. *Summary Judgment*

■ In support of the present summary judgment motions, defendants urge that on the undisputed facts of this case, plaintiff has failed to show that he has sustained any damages as a result of the manner in which he was treated by the union. This contention is predicated on plaintiff's admission that he was in fact guilty of on the job theft from his employer, the issue which would have been arbitrated at the April 1985 hearing if Oliva had not resigned. We agree that Oliva's claims are without merit.[1]

At oral argument of these summary judgment motions, this Court noted that plaintiff had admitted theft of Capitol's merchandise in his deposition and did not seek to withdraw that admission in his affidavit in opposition to the motions. The Court granted plaintiff an opportunity to supplement the record by filing an additional affidavit, and he has done so. In an affidavit dated November 19, 1986, plaintiff asserts:

1. I am the plaintiff in the above captioned matter and submit this affidavit in opposition to the defendant's motion pursuant to F.R.C.P. Rule 56 seeking dismissal of the complaint.

2. This affidavit is intended to address, as per the Court's request, the issue of damages in this action.

3. The damages in this case arise out of the UNION'S failure to secure permanent employment for me, which they promised to do upon my resignation from CAPITOL.

4. While it is true that I also waived my right to proceed to arbitration as a result of D'AMATO'S [sic] representations, the true damages sustained by me is not the loss of my right to arbitration, but the UNION'S failure to secure employment for me.

5. Simply stated, D'AMATO [sic] told me that if I resigned from CAPITOL, the UNION would get me a job. I resigned from CAPITOL based on that representation, and I was never given a job. It is my understanding that reliance upon a materially false representation resulting in damage constitutes an actionable fraud.

---

1. Defendants also assert that plaintiff's claims are time-barred pursuant to § 10(b) of the NLRA. Because we believe plaintiff's claims should be dismissed for other reasons, we do not reach the limitations issue.

Plaintiff is to be commended for his candor in not seeking to retract his admission that he is in fact guilty of the offense with which he was to be charged in the arbitration. Plaintiff cannot therefore be claiming that he relied to his detriment in tendering his resignation to Capitol and thereby waiving an arbitration, the likely consequence of which, had he continued to be truthful, would be to spread further on the record his admission of guilt.

Even assuming, as Oliva alleges, that Damato promised Oliva that Local One would obtain a permanent job for Oliva, and that Oliva "resigned from Capitol on that representation," Oliva's resignation was not an act of detrimental reliance that gave rise to, or reasonably flowed from, a legally enforceable obligation on the part of Local One. Oliva cannot be said to have changed his position by tendering his resignation just prior to the arbitration. Nor was Oliva's forbearance to assert his rights in the arbitration consideration for any promise that Damato may have made. Oliva's claim simply was not colorable and in relinquishing it, he gave up nothing. Had Oliva not resigned and had Local One proceeded to arbitration, there could have been no other conclusion but that Capitol's discharge of Oliva was entirely justified under the facts. Article VIII of the collective bargaining agreement between Capitol and Local One expressly provides that "an employee shall be discharged for ... [p]roved theft during work hours." Oliva admits to having done just that.

### Conclusion

For the foregoing reasons, we are persuaded that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." F.R.Civ.P. 56(c). Accordingly, defendants' motions for summary judgment are granted. As a result, Local One's cross-claim against Capitol is moot. Finally, we are not persuaded, as defendants charge, that the plaintiff "wilfully instituted an unmeritorious action in order to harass" the defendants. *See* Joint Motion for Summary Judgment by Defendants Local One and Damato under Rule F.R.Civ.P. 56 at 2. We deny defendants' application for an award of costs.

Complaint dismissed.

SO ORDERED.