Terri Lynn GREGORY, by her adoptive mother, Norma H. GREGORY,

v.

HONEYWELL, INC.

HONEYWELL, INC.,

v.

JORDON DEVELOPMENTS, LTD., T. Eaton Company, Canada, Ltd., Phillip Dyrland, Patrick Howard Paquette and Canadian Superior Oil, Ltd. (Two Cases)

Andrew P. MIKLESH, as Guardian Ad Litem for Troy Paquette, and Patrick Howard Paquette, individually, Appellant,

v.

HONEYWELL, INC., Appellee.

HONEYWELL, INC.,

v.

JORDON DEVELOPMENTS, LTD., T. Eaton Company, Canada, Ltd., Phillip Dyrland and Canadian Superior Oil, Ltd. (Two Cases)

Terri Lynn GREGORY, by her adoptive mother, Norma H. GREGORY,

v.

HONEYWELL, INC., Appellant.

Patrick Howard PAQUETTE, individually, Appellee,

v.

HONEYWELL, INC., Appellant.

Nos. 87–5019, 87–5020.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 3, 1987.

Decided Dec. 10, 1987.

Shawn M. Bartsh, St. Paul, Minn., for appellant (on appeal only).

Diana Young Morrissey, Minneapolis, Minn., for appellee.

Before LAY, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and MAGILL, Circuit Judge.

MAGILL, Circuit Judge.

In this case we consider whether the district court[1] properly exercised pendent jurisdiction over plaintiff's state law claims and whether the district court properly dismissed plaintiff's suit for failure to comply with the applicable statute of limitations. We conclude that the district court acted correctly in both respects and accordingly affirm.

## I. FACTS.

On July 14, 1978, Patrick Howard Paquette (Paquette), a Canadian resident, received serious burns when a water heater exploded on his farm in Stauffer, Alberta, Canada.

On May 29, 1980, Paquette brought suit in Canada against Honeywell, Ltd. of Canada, marketer of a water heater gas control and a wholly-owned subsidiary of Honeywell, Inc. (Honeywell), which has its headquarters and principal place of business in Minnesota. Paquette alleged that a Honeywell gas control on the water heater allowed LP gas to leak and eventually explode as he tried to relight the water heater pilot.

Paquette's Canadian counsel allegedly met with substantial resistance by Honeywell, Ltd. during discovery. Accordingly,

1. The Honorable Donald D. Alsop, Chief Judge, United States District Court for the District of Minnesota.

in July of 1984, Paquette voluntarily dismissed his Canadian lawsuit and began a product liability action in Minnesota state court solely against Honeywell. Paquette's complaint alleged a private cause of action for violations of the Federal Consumer Product Safety Act, 15 U.S.C. § 2051 *et seq.* (1982). Honeywell removed the case, based on federal question jurisdiction, to Minnesota district court.[2] On December 1, 1986, the district court dismissed Paquette's complaint for noncompliance with the statute of limitations.[3]

## II. DISCUSSION.

Paquette appeals to this court on two grounds. He argues first that the district court did not properly have jurisdiction over this matter when it dismissed his complaint on December 1, 1986, and therefore that order should be vacated and the matter should be remanded to state court. He argues second that the district court's dismissal of his complaint based on running of the statute of limitations was reversible error.

### A. Subject Matter Jurisdiction.

■ Although Paquette devotes substantial space in his brief to the contention that the district court lacked subject matter jurisdiction, at oral argument his counsel conceded that the district court retained subject matter jurisdiction over the case even after Paquette's sole federal claim was invalidated by *Drake v. Honeywell, Inc.,* 797 F.2d 603 (8th Cir.1986). *Drake* held that neither the Consumer Product Safety Act nor its regulations could be the basis for a private cause of action. Counsel argued, however, that the proper course would have been for the district court to decline to exercise jurisdiction and remand Paquette's state law claims to state court. After examining this issue, we conclude that Judge Alsop retained subject matter jurisdiction and was well within his discretion in deciding the case rather than remanding it to state court. *See Graf v. Elgin, Joliet and Eastern Railway Co.,* 790 F.2d 1341, 1347–48 (7th Cir.1986); *In re Carter,* 618 F.2d 1093, 1104–05 (5th Cir. 1980), *cert. denied,* 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981).

### B. Statute of Limitations.

Paquette was injured on July 14, 1978, and began the Minnesota state court lawsuit six years and ten days later, on July 24, 1984. He thus missed the six-year statute of limitations. Paquette raises two arguments to the effect that the district court erred in failing to toll the statute.

#### 1. Incompetence.

■ Paquette claims first that he was rendered mentally incompetent for at least twenty days from the time the statute began to run as a result of his injuries. Thus, he argues that the running of the statute should have been tolled for those twenty days, thereby bringing his suit within an acceptable period by ten days. Paquette admits, however, that the issue was not raised before the district court and states that the argument "is proffered to the court not in the context of creating a

---

**2.** Paquette initially sued on behalf of himself and his minor son, Troy. Honeywell asserted a counterclaim against Paquette for contribution or indemnity. As a result, Paquette had to withdraw as guardian for Troy in the action, and separate counsel had to be retained for father and son.

A separate action was commenced in state court on behalf of Terri Lynn Gregory, the minor niece of Patrick Paquette who was injured in the same accident. The *Gregory* and *Paquette* actions were both removed to federal court by Honeywell, and consolidated for pretrial purposes at the request of the plaintiffs.

Patrick Paquette is the only plaintiff appealing. The minor status of Troy Paquette pre-

served his claims from the running of limitations. Gregory's suit was filed within six years of the accident, and was thus timely even aside from the tolling provision. After the order was entered dismissing the Consumer Product Safety Act cause of action, neither minor plaintiff moved to dismiss or remand. To the contrary, both plaintiffs proceeded to pretrial and settlement conferences in federal court. The claims of Terri Gregory and Troy Paquette have now been settled, and their complaints dismissed with prejudice.

**3.** The Minnesota statute of limitations for personal injury actions is six years. Minn.Stat. § 541.05. Subd. 1(5) (1987 Supp.).

new issue on appeal." At oral argument, however, Paquette urged that this court exercise its discretion and consider the issue. "It is old and well-settled law that issues not raised in the trial court cannot be considered by this court as a basis for reversal." *Morrow v. Greyhound Lines, Inc.*, 541 F.2d 713, 724 (8th Cir.1976). We adhere to this rule "save in exceptional cases where the obvious result 'would be a plain miscarriage of justice.'" *Id.*, quoting *Hormel v. Helvering*, 312 U.S. 552, 558, 61 S.Ct. 719, 722, 85 L.Ed. 1037 (1941), or would be "inconsistent with substantial justice." Fed.R.Civ.P. 61. This case does not justify deviating from the rule.

■ Assuming, *arguendo*, that the claim was properly before us, we conclude that Paquette's alleged twenty-day disability was not sufficient to toll the statute. Paquette cites *Harrington v. County of Ramsey*, 279 N.W.2d 791 (Minn.1979), for the proposition that insanity can exist by virtue of medical disability, and that such disability, existing for merely a short time, is sufficient to toll the statute. *Harrington* is inapposite, however. The facts in that case presented:

> "a continuing pattern of serious mental illness, spanning 1970 through 1974 * * *. She continued intermittently to be hospitalized in January, February, April, May, August and December of 1972, for about 45 weeks in 1973, and for about 45 weeks in 1974. * * * *We conclude that a genuine issue exists as to plaintiff's sanity during the entire period of 1970 to 1974.*"

*Harrington*, 279 N.W.2d at 796–97 (emphasis added).

It is first noteworthy that the applicable statute of limitations in *Harrington* was two years, and thus plaintiff's illness covered the entire period. By contrast, Paquette claims incapacity for twenty days out of a six-year period. Furthermore, as Honeywell pointed out at oral argument, Paquette was sufficiently recovered to file suit in Canada within two years of the accident, and we see no reason why he was not capable of suing in Minnesota within the additional four years provided by the statute. Paquette's claim on this ground is without merit.

### 2. Fraudulent Concealment.

■ Paquette also alleges that Honeywell consciously concealed defects in the valves from the public, and that this fraudulent concealment should toll the statute of limitations up until the time Honeywell reported the defective valves to the Consumer Product Safety Commission in 1982. This argument was raised before, and rejected by, Judge Alsop. His analysis of the issue is dispositive:

> The party claiming fraudulent concealment for the purpose of tolling the statute of limitations has the burden of showing that the concealment could not have been discovered sooner by reasonable diligence on his part and was not the result of his own negligence. *Wild v. Rarig* [302 Minn. 419], 234 N.W.2d 775, 795 (Minn.1975), *cert. denied*, 424 U.S. 902 [96 S.Ct. 1093, 47 L.Ed.2d 307] (1976). *See Universal Film Exchanges, Inc. v. Swanson*, 165 F.Supp. 95 (D.Minn. 1958); *Murphy v. Country House, Inc.*, [307 Minn. 344] 240 N.W.2d 507 (1976). In this case, the existence of the alleged defect in the Honeywell valve constitutes the core of the "facts constituting the fraud" alleged by plaintiffs to have existed. *See* Minn.Stat. 541.05, subd. 1(6). No plausible argument can be made, however, that Honeywell concealed the existence of this defect, if it existed, beyond the date upon which the defect caused the explosion at the Paquette farmhouse. The explosion itself fully apprised the plaintiffs that the water heater was unsafe, and enabled them to discover the full contours of the fraud and deceit of which they now complain.

Memorandum Order of November 20, 1986, at 10–11.

For the foregoing reasons, the judgment of the district court is affirmed.