Sandra YOUNG

v.

**MATAGORDA COUNTY HOSPITAL DISTRICT, Arlene Wobren, individually and in her official capacity, Allison Betbeze, individually and in her official capacity, and Southbrooke Manor**

No. Civ.A. G–97–546.

United States District Court,
S.D. Texas,
Galveston Division.

Dec. 16, 1997.

Laurence Wade Watts, Watts & Associates, Houston, TX, for Plaintiff.

Mark Alan Keene, Davis and Davis, Austin, TX, Michael D Seale, Law Offices of O.F. Jones, III, Victoria, TX, for Defendants.

### ORDER GRANTING MOTION TO REMAND

KENT, District Judge.

Plaintiff Sandra Young originally brought this action against Defendants in the 23rd Judicial District Court of Matagorda County, Texas, for violations of the Texas Whistle-blower Act, TEX. GOV'T CODE ANN. §§ 554.001–554.010 (Vernon 1994 & Supp. 1997), and the Texas Constitution, for wrongful discharge, termination, and retaliation, and for civil conspiracy. Defendant removed the case to this Court pursuant to 28 U.S.C. § 1441. Now before the Court is the Plaintiff's Motion to Remand, filed October 15, 1997. For the reasons stated below, the Motion is **GRANTED.**

Section 1447(c) provides, *inter alia:* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). As the parties wishing to invoke the jurisdiction of this Court, Defendants bear the burden of establishing subject matter jurisdiction. *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921); *Willy v. Coastal Corp.,* 855 F.2d 1160, 1164 (5th Cir.1988), *aff'd,* 503 U.S. 131, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992). The Court determines subject matter jurisdiction from the Third Amended Complaint, which is the Complaint as it existed at the time of removal. *In re Carter,* 618 F.2d 1093, 1100 (5th Cir.1980), *cert. denied,* 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981).

Defendants rely exclusively on the existence of a federal question as a basis for jurisdiction under 28 U.S.C. § 1331, and the Court's analysis proceeds accordingly. *See*

*Willy,* 855 F.2d at 1164. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the *United States.*" 28 U.S.C. § 1331; *see also* 28 U.S.C. § 1441(b) (providing federal jurisdiction for actions brought in state court, for matters over which the federal district courts have original jurisdiction pursuant to § 1331). The "well-pleaded complaint" rule dictates that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987); *Gully v. First Nat'l Bank,* 299 U.S. 109, 112–113, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936); *Sarmiento v. Texas Bd. of Veterinary Medical Examiners,* 939 F.2d 1242, 1245 (5th Cir.1991).

█ Plaintiff's Third Amended Complaint alleges that Defendants engaged in a civil conspiracy, a distinct state law claim. However, one of the elements of civil conspiracy is that Defendants committed an unlawful act. To meet this element, Plaintiff alleges that Defendants committed violations of the federal False Claims Act ("FCA"), 31 U.S.C. §§ 3729–3731, as well as violations of the Texas Constitution and the Texas Whistleblower Act. Defendants capitalize on the fact that Plaintiff names a violation of a federal statute in her Third Amended Complaint, and allege that this creates a federal question which consequently confers jurisdiction upon this Court. The Court disagrees.

Defendants attempt to sever Plaintiff's civil conspiracy claim into three separate and distinct causes of action, based on each of the three unlawful acts Plaintiff alleges in her Third Amended Complaint as the unlawful act element of the civil conspiracy claim. Plaintiff, on the other hand, characterizes the claim as one claim for civil conspiracy, with three alternate unlawful acts for which Defendants can be held liable. According to Plaintiff's characterization, her allegation that Defendants violated the FCA is not an essential element of her civil conspiracy claim; rather, it is a separate and distinct alternative basis for liability, without which her claim will still stand. The Court agrees

with Plaintiff, and holds that Plaintiff's allegation of a FCA violation as an element of her state civil conspiracy claim does not present a sufficiently compelling federal question which would fundamentally alter the state-law nature of her claim.

Also persuasive is Plaintiff's argument that allowing this action to be heard in federal court would effectively circumvent the detailed requirements Congress has imposed upon plaintiffs who bring private causes of action under the FCA. Private suits under the FCA must be brought as *qui tam* actions, or "in the name of the Government." 31 U.S.C. § 3730(b)(1). The Act imposes detailed filing requirements upon private plaintiffs, allows the government an opportunity to intervene in the action and proceed with the case, gives the government the primary responsibility for prosecuting the action, and empowers the government to settle or dismiss the case. 31 U.S.C. § 3730(b), (c). Furthermore, the FCA extends its own protection to "whistleblowers" who report false claims against the government under its provisions. The FCA protects those who are subject to adverse employment actions for their acts "in furtherance of an action under this section." 31 U.S.C. § 3730(h). In other words, the FCA itself allows private litigants to bring actions for false claims against the government, and provides its own federal scheme for protecting those litigants from retaliation based on their actions.

A recent Ninth Circuit opinion addresses the problem of allowing a back door state FCA claim to form the basis of federal jurisdiction, thereby sidestepping the strict requirements imposed on federal *qui tam* litigants. *Campbell v. Aerospace Corp.,* 123 F.3d 1308 (9th Cir.1997). In *Campbell,* which presented a situation remarkably similar to the case at hand, the defendant-employer allegedly terminated the plaintiff-employee for "blowing the whistle" on the illegal activity of the defendant. *Id.* at 1310. The defendant removed the action to federal court, and the court denied the plaintiff's motion to remand, finding federal question jurisdiction. *Id.* at 1311. The district court found for the defendant on all of plaintiff's claims. Id. Upon plaintiff's appeal for want

of subject matter jurisdiction the defendant argued that jurisdiction was based upon the plaintiff's invocation,[1] as an element of his tortious discharge claim, of the False Claims Act as the public policy violated. The court held that allowing a state law claim to circumvent the requirements imposed on *qui tam* litigants in a FCA action "by generically referencing the 'public policy' of the FCA would contravene the statute.... Such a result would derogate the very detailed requirements Congress chose to impose on *qui tam* FCA litigants." *Id.* at 1315. Because the Plaintiff's inclusion of the FCA violation as an element of his state law claim "did not raise a sufficiently substantial, disputed question of federal law so as to confer federal-question jurisdiction," the Ninth Circuit reversed and remanded to the district court, with instructions to remand to state court. *Id.*

This Court agrees that "[t]he federal interest in protecting whistleblowers, in order to expose fraud against the government, is sufficiently advanced through the federal scheme." *Id.* There is no compelling federal interest presented in Plaintiff's fundamentally state law civil conspiracy claim, because that federal interest is protected through other means—*i.e.*, the detailed requirements imposed on FCA *qui tam* litigants. As the Defendants have presented no other basis of federal question jurisdiction, this case must be remanded from whence it came. Accordingly, Plaintiff's Motion to Remand is **GRANTED,** and this case is hereby remanded to the 23rd Judicial District Court of Matagorda County, Texas for lack of subject matter jurisdiction. All parties are OR-

DERED to bear their own taxable costs and expenses incurred herein to date. It is also **ORDERED** that the parties file nothing further in this matter, including motions to reconsider and the like. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled from the courts of the State of Texas, as may be appropriate in due course.[2]

**IT IS SO ORDERED.**

---

1. In *Campbell,* the plaintiff did not plead the FCA in his complaint, but instead raised it in response to the defendant's motion for summary judgment. Defendants raise this technicality to distinguish *Campbell* from the case at bar, where Plaintiff has stated the FCA as an element of her state law claim in her Third Amended Complaint. According to Defendants, *Campbell* is distinguishable for the mere fact that the plaintiff there did not mention the FCA in the complaint, while Plaintiff here has. Defendants' distinction is purely mechanical, and fails to take into account the substantive reasoning of the *Campbell* decision. Whether the FCA was raised in the complaint or in response to summary judgment is of no moment because substantively, there is no federal question. If a federal question did exist

here, then the distinction might be relevant. However, the mere reference to federal law in a well-pleaded complaint does not magically create federal question jurisdiction.

2. This Order is not reviewable. 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise...."); *In re Shell Oil Co.,* 932 F.2d 1518, 1520 (5th Cir.1991) (characterizing remand orders based on lack of subject matter jurisdiction as "clearly unreviewable"), *cert. denied sub nom., Acuna Castillo v. Shell Oil Co.,* 502 U.S. 1049, 112 S.Ct. 914, 116 L.Ed.2d 814 (1992).