Mariam BARNES,

v.

**COLONIAL LIFE AND ACCIDENT INSURANCE CO. and Richard P. Babineaux Inc.**

Civ. No. 3:92–CV–2316–H.

United States District Court,
N.D. Texas,
Dallas Division.

April 5, 1993.

Carla S. Hatcher and Steven B. Thorp, Crews Thorpe & Hatcher, Dallas, TX, for plaintiff.

J. Howard Daniel, Leigh M. Nason & Mary C. McCormac, Haynsworth Baldwin Johnson & Greaves, Greenville, SC, for defendant Colonial Life and Acc. Ins. Co.

John B. Nelson and Sunny L. Hilliard, Jackson & Walker, Dallas, TX, for defendant Babineaux Inc.

## MEMORANDUM OPINION AND ORDER

SANDERS, Chief Judge.

Before the Court is Defendant Colonial Life and Accident Insurance Co.'s ["Colonial"] Motion to Dismiss, and supporting memorandum, filed December 21, 1992; Defendant Richard P. Babineaux's ["Babineaux"] Motion to Dismiss, and supporting brief, filed December 21, 1992; Plaintiff's Response to the Motions of Defendants Colonial and Babineaux, filed January 22, 1993; and Defendant Colonial's Reply in Support of Motion to Dismiss, filed February 16, 1993.

Plaintiff brings this suit against her alleged employer, Colonial, and her supervisor

at Colonial, Babineaux. In her Original Complaint, filed November 10, 1992, she alleges that she was sexually harassed by Babineaux in the course of her employment as an insurance agent with Colonial. Accordingly, she asserts a cause of action for employment discrimination under Title VII of the Civil Rights Act of 1964, as amended. *See* 42 U.S.C. § 2000e *et seq.* ["Title VII"]. Plaintiff also alleges various state-law causes of action arising from the alleged sexual harassment. Finally, Plaintiff claims discrimination under Section 1981 of Title 42, United States Code.

Defendants move for dismissal of each of Plaintiff's claims.

## I. TITLE VII

■ Defendants ask the Court to dismiss Plaintiff's Title VII claim for lack of subject matter jurisdiction. *See* Fed.R.Civ.P. 12(b)(1). They argue that Plaintiff may not invoke federal jurisdiction under Title VII because, as an insurance agent, she is not an "employee" within the meaning of the statute. For the reasons discussed below, the Court agrees.

■ The burden of establishing subject matter jurisdiction rests with the Plaintiff. *See Strain v. Harrelson Rubber Co.,* 742 F.2d 888, 889 (5th Cir.1984); *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir.), *cert. denied,* 449 U.S. 953, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980). For the purpose of determining whether jurisdiction exists, the Court will resolve any factual disputes from the pleadings and affidavits submitted by the parties. *See Espinoza v. Missouri P.R. Co.,* 754 F.2d 1247, 1248 n. 1 (5th Cir.1985); *Williamson v. Tucker,* 645 F.2d 404, 412–13 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981); *see also Menchaca,* 613 F.2d at 511. Because the factual findings regarding subject matter jurisdiction are intertwined with the merits of a Title VII case, the Court will not dismiss the case for lack of subject matter jurisdiction unless Plaintiff's claim to be an employee is wholly insubstantial and frivolous. *See Clark v. Tarrant County,* 798 F.2d 736, 741–42 (5th Cir.1986). To be considered insubstantial, a claim must be obviously without merit or

must be foreclosed by prior decisions. *In re Carter,* 618 F.2d 1093, 1103 (5th Cir.1980), *cert. denied,* 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981).

■ Under Title VII, federal jurisdiction is invoked only if a claimant is an "employee." *Diggs v. Harris Hospital–Methodist, Inc.,* 847 F.2d 270, 272 (5th Cir.), *cert. denied,* 488 U.S. 956, 109 S.Ct. 394, 102 L.Ed.2d 383 (1988). Title VII defines the term "employee" as "an individual employed by an employer." 42 U.S.C. § 2000e(f). To determine employee status within that broad and circular definition, the Fifth Circuit has adopted a hybrid economic realities/common-law control test. *See Mares v. Marsh,* 777 F.2d 1066, 1067–68 & n. 2 (5th Cir.1985) (citing *Spirides v. Reinhardt,* 613 F.2d 826, 831 (D.C.Cir.1979)). Under the test, the Court must consider the following factors:

(1) kind of occupation, with reference to whether the work is done under the direction of a supervisor or is done by a specialist without supervision;

(2) skill required in the particular occupation;

(3) source of payment for the office and equipment;

(4) length of time the claimant has worked;

(5) method of payment, whether by time or by the job;

(6) manner in which the work relationship is terminated, whether by one or both parties, with or without notice and explanation;

(7) availability of annual leave;

(8) nature of the work, whether an integral part of the defendant's business;

(9) accumulation of retirement benefits;

(10) payment of social security taxes; and

(11) intention of the parties.

*Spirides,* 613 F.2d at 832; *see also Nationwide Mut. Ins. Co. v. Darden,* —— U.S. ——, —— ——, 112 S.Ct. 1344, 1348–49, 117 L.Ed.2d 581 (1992).

In this case, the evidence taken as a whole conclusively establishes the existence of an independent contractor relationship. Plain-

tiff has worked for Colonial since April of 1983. Barnes Aff. at 1. She has never been paid a salary to sell Colonial insurance policies; she is paid by commission only, according to the amount of her sales. Boggs Aff. at 2. Colonial does not withhold state, federal, or social security taxes from Plaintiff's commissions; rather, it issues Plaintiff a "1099" for her income tax purposes. She receives no medical or vacation leave. Boggs Aff. at 2. Although she has been reimbursed for expenses associated with attending sales meetings, Barnes Aff. at 2–3, and can earn an "office subsidy" based on her production, Babineaux Aff. at 1, she is not directly reimbursed for normal sales expenses such as lodging, meals, mileage, fuel, telephone, or postage, and she is required to obtain all her own office equipment. Boggs Aff. at 2–3. Plaintiff is not eligible for unemployment benefits or for workers' compensation; neither has she received any retirement or pension contributions from Colonial. Boggs Aff. at 2. Unlike Colonial employees, Plaintiff cannot avail herself of any formal grievance procedure and does not receive dependent care assistance. She is licensed at her own expense. Boggs Aff. at 3.

Turning to the factor of employment supervision, the Court acknowledges that Colonial exerts some degree of control over its agents. For example, Plaintiff has been prohibited from selling insurance products that compete with Colonial's. Barnes Aff. at 2; Babineaux Aff. at 2. Although Plaintiff is free to solicit customers of her own choosing, Colonial maintains some control over. Plaintiff's customers; that is, Colonial retains the right to transfer the customers, once solicited, to other agents at its discretion, Barnes Aff. at 4–5. Colonial maintains that control to ensure that its customers receive continuing appropriate service. Babineaux Aff. at 11. Plaintiff works under the supervision of Richard Babineaux, who requires her to maintain some degree of regular communication with him. Barnes Aff. at 2; *but see* Babineaux Aff. at 7–8. Although she is not formally required to attend company-sponsored training programs, she is as a practical matter required by Babineaux to attend scheduled sales and training meetings. *See* Barnes Aff. at 2. At least some of the

sessions, however, are devoted to training for specific products, which Plaintiff can opt not to sell and thus avoid the otherwise mandatory training. Babineaux Aff. at 7–8.

Counterbalancing Colonial's supervision is Plaintiff's substantial independence. She has discretion to work at the location of her choice and, within some limits concerning hiring and firing, to deal with her own employees as she chooses. Barnes Aff. at 3; Boggs Aff. at 3. She is free to solicit business wherever she is licensed, except to the extent that she interferes with other Colonial agents; she may sell her choice of Colonial's products and of noncompeting products of other insurance companies. Babineaux Aff. at 2, 5, 10. She is not formally required to make regular reports to Colonial. Importantly, Plaintiff establishes her own schedule and business hours. Boggs Aff. at 4.

Plaintiff's intention and beliefs concerning her employment status are difficult to discern. Colonial alleges, and Plaintiff does not dispute, that the EEOC has notified Plaintiff that she is not an employee for purposes of Title VII. Plaintiff offers no evidence, such as federal income tax returns, to indicate whether she has regarded herself as an employee or as self-employed for the past nine years.

Colonial, on the other hand, offers clear evidence that it has intended Plaintiff to be an independent contractor. The company does not include her on certain employee reports, including ones filed with the Texas Employment Commission. Similarly, Colonial keeps no personnel file on Plaintiff, as it does for its employees, and it maintains no medical records on her. She has never been required to participate in health and safety training to satisfy OSHA employee standards. Unlike Colonial's employees, Plaintiff has never received an employee handbook. In the five employment agreements signed by both Plaintiff and Colonial over the years, the independent contractor relationship is express. Those agreements are subject to termination by either party on written notice. *See* Boggs Aff. at 2–5, Exhs. A–C.

After considering the parties' evidence in the framework of the Fifth Circuit test, the

Court finds Plaintiff's claim that she is Colonial's employee to be without merit. Although no Fifth Circuit case is directly on point, the Court's decision is supported by the great weight of authority on the subject. Under substantially similar circumstances and analyses, courts have consistently held insurance agents not to be employees for purposes of employment discrimination suits. *See, e.g., Oestman v. National Farmers Union Ins. Co.,* 958 F.2d 303 (10th Cir.1992); *Knight v. United Farm Bureau Mut. Ins. Co.,* 950 F.2d 377 (7th Cir.1991); *Dixon v. Burman,* 593 F.Supp. 6 (N.D.Ind.1983), *aff'd mem.,* 742 F.2d 1459 (7th Cir.1984); *Dake v. Mutual of Omaha,* 600 F.Supp. 63 (N.D.Ohio 1984); *Jenkins v. Travelers Ins. Co.,* 436 F.Supp. 950 (D.Or.1977). Plaintiff offers no apposite authority holding otherwise.[1]

For the reasons discussed above, Plaintiff has not met her burden of establishing subject matter jurisdiction for a Title VII claim. Accordingly, the claim is dismissed.

## II. SECTION 1981 CLAIM

■ Defendants move to dismiss Plaintiff's cause of action under Section 1981 of Title 42, United States Code, for failure to state a claim for which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). Plaintiff has not responded to this portion of Defendants' motion.

To establish a violation of Section 1981, Plaintiff must prove "discriminatory animus based on race or other 'non-white' status." *Irby v. Sullivan,* 737 F.2d 1418, 1430 n. 22 (5th Cir.1984). In her Complaint, Plaintiff does not adequately plead that element of a Section 1981 cause of action; she does not, in fact, mention race whatsoever. Unless Plaintiff is able to amend her Complaint to state a claim for which relief can be granted under the statute, it is the Court's intention to dismiss the Section 1981 claim. *See In re Plywood Antitrust Litig.,* 655 F.2d 627, 641 (5th Cir.1981) ("Despite the liberality of modern rules of pleading, a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery...."), *cert.*

*dism'd,* 462 U.S. 1125, 103 S.Ct. 3100, 77 L.Ed.2d 1358 (1983).

## III. STATE CLAIMS

Should Plaintiff be unable to establish independent federal jurisdiction in an Amended Complaint, the Court will also dismiss her pendant state-law claims, without prejudice to refiling them in state court. *See* 28 U.S.C. § 1367(c)(3) (authorizing dismissal); *Parker & Parsley Petroleum Co. v. Dresser Indus.,* 972 F.2d 580 (5th Cir.1992) (holding a district court's retention of pendant state-law claims after dismissal of all federal claims to be an abuse of discretion); *Anago Inc. v. Tecnol Medical Prods.,* Civ. No. 3:92–CV–0250–H, order at 3–6, 1992 WL 387242 (N.D.Tex. November 27, 1992) (dismissing pendant state claims under *Parker* at a similar stage of litigation).

## IV. CONCLUSION

For the reasons given above, Plaintiff's Title VII claim is **DISMISSED** for lack of subject matter jurisdiction.

Plaintiff is hereby **GRANTED** leave to amend her Complaint by *noon, April 20, 1993,* to state a claim for which relief can be granted under 42 U.S.C. § 1981, or otherwise to state a federal claim. Should Plaintiff file a timely Amended Complaint, Defendants may amend their motions to dismiss by *noon, May 7, 1993.* Should either Defendant so amend, Plaintiff may respond by *noon, May 24, 1993.*

If Plaintiff does not file a timely Amended Complaint, this case will be dismissed in its entirety.

SO ORDERED.

---

**1.** In the sole case on which Plaintiff relies, the parties did not dispute the employment status of the insurance agent plaintiff, who had been until six weeks prior to the suit a management employee. *See Sennello v. Reserve Life Ins.,* 667 F.Supp. 1498, 1512 (S.D.Fla.1987).