Barbara ST. GERMAIN

v.

SIMMONS AIRLINE, AMR Eagle Inc., and AMR.

No. 4:95–CV–664–E.

United States District Court, N.D. Texas, Fort Worth Division.

April 10, 1996.

Order Dismissing Case and Amending Decision June 17, 1996.

Barbara St. Germain, Bedford, TX, Pro Se.

Henry Howard Robinson, Paula Thornton Perkins, Kelly Hart & Hallman, Fort Worth, TX, for Defendants.

## ORDER

MAHON, District Judge.

Before the Court are Defendants Simmons Airlines, Inc.'s and AMR Corp.'s motions to dismiss Plaintiff Barbara St. Germain's claims under Title VII. The Court concludes that the motions should be granted.

## I. *FACTS*

The AMR Training and Counseling Group operates a training center for persons who wish to become eligible to be hired as a flight attendant. Only qualified, pre-screened applicants are eligible to enroll in this training course. The trainee is not paid for his or her participation in the course and does not perform any services or work for any airline. The trainee's participation in the course is voluntary and does not guarantee that he or

she will be provided a job upon successful completion of the program.

The training course requires that the participant receive passing scores on both written and physical tests that relate to the duties and responsibilities of a flight attendant. Failure to receive passing scores on any of these tests results in termination from the program. Upon successful completion of the course, the trainee is eligible for hire as a flight attendant.

St. Germain applied for and was selected to participate in the AMR program. Once enrolled, she failed the first six written examinations and two tests involving physical abilities. As a result, St. Germain was terminated from the course.

St. Germain, a white woman, proceeding *pro se,* claims that she was subject to reverse discrimination in violation of Title VII and that defendants intentionally inflicted emotional distress upon her when she was discharged from the training program. She exhausted her administrative remedies and was issued a right to sue letter by the Equal Employment Opportunity Commission, after which she timely filed this action.

## II. *ANALYSIS*

Defendants Simmons Airlines and AMR have filed motions to dismiss.[1] They assert, among other things, that the Court lacks subject matter jurisdiction over this Title VII action.[2] The Court granted St. Germain an extension of time to respond to the motions to dismiss, but she has failed to do so.

■ Because the factual findings regarding subject matter jurisdiction are intertwined with the merits of a Title VII claim, a court should not dismiss the action unless the plaintiff's alleged claim is immaterial or wholly insubstantial and frivolous. *Barnes v. Colonial Life and Accident Ins. Co.,* 818 F.Supp. 978 (N.D.Tex.1993). When a Fed. R.Civ.P. 12(b)(1) motion is filed, a court may decide the issue of subject matter jurisdiction on the basis of (1) the complaint alone; (2) the complaint and any undisputed evidence; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981). Here, Simmons has presented undisputed evidence, in affidavit form, which is uncontroverted, describing the training course and the reason for St. Germain's termination from it.

■ Simmons and AMR essentially argue that St. Germain was never employed by them. It is well settled that a Title VII claim necessarily involves an employment relationship. *Diggs v. Harris Hospital–Methodist,* 847 F.2d 270, 272 (5th Cir.), *cert. denied* 488 U.S. 956, 109 S.Ct. 394, 102 L.Ed.2d 383 (1988). In *Diggs,* a case originating from this Court, the Fifth Circuit held that a doctor with staff privileges at Harris Hospital was not an employee of the hospital. *Id.* at 272. First, the Fifth Circuit applied the hybrid economic realities/control test. This test requires a court to ask if the person claiming to be an employee is, as a matter of economic reality, dependent upon the business to which they render service and to what extent the "employer" controls the work of the "employee". *Id.* Second, in addition to applying the economic realities/control test, the Fifth Circuit set out the following factors to be considered when determining if an employment relationship exists under Title VII:

(1) the kind of occupation, with reference to whether the work usually is done under the direction of a supervisor or is done by a specialist without supervision; (2) the skill required in the particular occupation; (3) whether the "employer," or the individual in question furnishes the equipment used and the place of work; (4) the length of time during which the individual has

---

1. The third named defendant, American Eagle, Inc., does not appear to have been served and has not filed a motion to dismiss.

2. Simmons and AMR argue that they are entitled to dismissal because St. Germain failed to name them properly as Simmons Airlines, Inc. and AMR Corp. AMR additionally argues that it is not an employer under Title VII. The Court is not impressed by defendants' arguments that they were improperly named, particularly considering St. Germain is proceeding *pro se.*

worked; (5) the method of payment, whether by time or by the job; (6) the manner in which the work relationship is terminated, *i.e.*, by one or by both parties, with or without notice or explanation; (7) whether annual leave is afforded; (8) whether the work is an integral part of the business; (9) whether the worker accumulates retirement benefits; (10) whether the employer pays social security taxes; and (11) the intention of the parties.

*Id.* at 272–73.

The economic realities/control test favors AMR's and Simmons' position. As a trainee receiving no compensation, St. Germain could not be economically dependent on AMR or Simmons; thus, the economic realities portion of the test favors AMR and Simmons. Further, while AMR controlled St. Germain's activities when she was in the program, St. Germain never performed any services for AMR. St. Germain's voluntary participation in the course, prior to her termination from it, was designed to qualify her for possible hire as a flight attendant by one of the defendants.

■ Applying the additional factors set out in *Diggs* to this case, it is clear that an employment relationship never existed between St. Germain and AMR or Simmons. Although AMR supervised St. Germain's activities while she was in the training program and furnished the equipment used and the place of work, the majority of the remaining factors favor AMR and Simmons. The training program is a short term course designed to make a person eligible for employment as a flight attendant by AMR or Simmons. While attending the program, the trainee does not receive pay. Additionally, St. Germain has failed to show that she accrued vacation time or retirement benefits while she attended the course. She has not produced evidence that either of the defendants withheld social security taxes on her behalf. Further, Simmons' affidavit states that students do not perform any services for the airlines; consequently, their work cannot be an integral part of AMR's or Simmons' business. Finally, and most critically, AMR and Simmons never intended participants in the course to be considered employees. A trainee who successfully completes the training course is not guaranteed employment by Simmons or AMR; rather, completion of the program simply makes the trainee qualified for hire by AMR or Simmons. Because St. Germain cannot establish the existence of an employment relationship, her Title VII claim must fail.[3] *See Diggs,* 847 F.2d at 272. *See also, Barnes,* 818 F.Supp. at 980.

■ St. Germain also asserts a claim for intentional infliction of emotional distress against AMR and Simmons. These claims are before this Court on the basis of supplemental jurisdiction. Under 28 U.S.C. 1367(c)(3), it is within the Court's discretion to dismiss supplemental state law claims once the original basis for federal jurisdiction has been eliminated. *See Welch v. Thompson,* 20 F.3d 636, 644 (5th Cir.1994). Because this is a recently filed case, the Court believes that the interests of the parties and judicial economy would be served if the remaining state law claim was dismissed. Accordingly, St. Germain's claim for intentional infliction of emotional distress against Simmons and AMR is dismissed.

### III. CONCLUSION

Based on the foregoing, the Court ORDERS that the motions of Simmons Airlines and AMR to dismiss are GRANTED and the claims against those defendants are DISMISSED.

### ORDER ON MOTIONS

Before the Court are *pro se* Plaintiff Barbara St. Germain's motion for judgment on the pleadings and AMR Corporation's ("AMR") motion to amend order.

The Court issued an order on April 5, 1996 giving St. Germain until April 26, 1996 to show good cause why her claims against AMR Eagle Inc. should not be dismissed for

---

**3.** The Court also notes that this training program was at issue in a Fair Labor Standards Act case in which the Fifth Circuit held that participants in the training program were not entitled to compensation from American Airlines because they were not its employees. *Donovan v. American Airlines, Inc.,* 686 F.2d 267, 272 (5th Cir. 1982).

lack of service. St. Germain responded to the order by filing a motion for judgment on the pleadings. There is nothing in St. Germain's motion that establishes good cause for her failure to serve AMR Eagle Inc. within 120 days.

It is therefore ORDERED that St. Germain's complaint against AMR Eagle Inc. is DISMISSED for lack of service. As the Court has previously entered an order dismissing Simmons Airlines and AMR from this action, a judgment dismissing St. Germain's case shall issue herewith. Further, as a result of this order, St. Germain's motion for judgment on the pleadings is rendered MOOT.

After reviewing the additional affidavit submitted by AMR, the Court determines that AMR's motion should be granted.

It is therefore further ORDERED that AMR's motion to amend order is GRANTED. The fourth sentence of footnote 2 in the Court's April 9, 1996 order in this case is deleted.* The remainder of the April 9th order is unchanged.

---

* Editor's Note: Deletion incorporated for publication purposes.